[Civil No. 1988.   Filed May 26, 1922.]

[206 Pac. 1078.]

WILLIAM J. DAVIS, Appellant, v. THOMAS E. CAMPBELL, ERNEST R. HALL, W. J. GAL-BRAITH, C. W. FAIRFIELD and RAYMOND EARHART, Constituting the State Land Department, RUDOLPH KUCHLER, State Land Commissioner, and LEO TRAPPMAN, Appellees.

1. APPEAL AND ERROR—RIGHT OF APPEAL EXPRESSLY GIVEN UPHELD IF POSSIBLE.—The right of appeal is remedial, and, where expressly given, the rule is to uphold it if possible.

2. PUBLIC LANDS—STATUTE HELD TO AFFORD RIGHT OF APPEAL FROM DECISION OF STATE LAND DEPARTMENT ALTHOUGH NOT PRESCRIBING PROCEDURE.—Since a law will not be declared void for uncertainty or ambiguity, unless impossible to dissolve obscurity by recourse to its reason and spirit and other acts *in pari materia,* and in view of Civil Code of 1913, paragraph 5563, providing that, where no procedure of appeal is prescribed, laws relating to appeals from justice courts shall apply, a dissatisfied applicant for lease of public lands from the land department may appeal to superior court under express provisions of Laws of 1919, chapter 166, sections 3, 4, notwithstanding that no procedure is prescribed therein.

3. CONSTITUTIONAL LAW—QUESTION OF RIGHT OF CONTESTING PARTIES TO LEASE STATE LANDS JUDICIAL.—The question as to which of two contesting parties for a lease of state lands has the better right is judicial, and assumption of appellate jurisdiction thereof does not require the courts to assume and exercise functions properly belonging to another department of state, in violation of

Lease of state land as subject to collateral attack, note, **Ann. Cas.** 1912B, 91.

Constitution of Arizona, article 3, distributing the powers of the state into three departments.

4. PUBLIC LANDS—COURTS WILL REFUSE JURISDICTION OF ADMINISTRA-TIVE OR LEGISLATIVE ACTS OF STATE LAND DEPARTMENT.—Acts of the land department of an administrative or legislative character are not subject to judicial review, not because of no adequate procedure on appeal, but because they are without power to pass upon such questions.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. M. Sames, Judge. Reversed.

Messrs. Boyle & Pickett and Mr. D. B. Morgan, for Appellant.

Mr. W. G. Gilmore, for Appellées.

Messrs. Kibbey, Bennett, Gust & Smith, *Amici Curiae.*

ROSS, C. J.—The appellant, Davis, and the appellee, Trappman, regularly applied to the commissioner of the state land department to lease section 2, township 21 south, range 23 east, Cochise county; Davis' application being one for a renewal and Trappman's an original application. Upon hearing before the state land department, consisting of the appellees Campbell, Hall, Galbraith, Fairfield and Earhart, the lease was awarded Trappman. Davis appealed from the order and decision to the superior court of Cochise county. Upon the motion of the appellee, raising the question as to the existence of the right of appeal, the court granted the motion and dismissed the appeal. It is contended that the court committed error, and this appeal is prosecuted to settle the question.

The state land department was created by chapter 5 (known as the Land Code, and hereafter referred to as such), Second Special Session of the Legislature of 1915, for the administration of the state

lands, and, among other powers, there was conferred on it the power under the Constitution and laws and such rules and regulations as the department might formulate, not inconsistent therewith, "to sell and lease all lands owned or held in trust by the state." Section 3, Land Code. By chapter 166, Laws of 1919, sections 30 and 31 of the Land Code, having to do especially with applications for, and the granting of, leases of state lands, were amended, and the Land Code, as originally written, not having provided for an appeal from the decision of the commissioner or the land department, there was added to chapter 166 two new sections, 3 and 4, giving the right of appeal. Omitting the amended section 30 as not essential to present the question in controversy, chapter 166 reads as follows:

Section 2.

"Sec. 31. *Two or More Applicants.* In case two or more applicants apply to lease the same land, the commissioner shall approve the application of the one who, after investigation or hearing by the commissioner, shall appear to have the best right to such lease, provided, that time or order of filing application shall not be a controlling or a determining factor in deciding who is entitled to such lease, but if it should appear that none of the applicants has any right or equities superior to those of another, the commissioner may, at a stated time, and after due notice to all such applicants, receive sealed bids submitted in accordance with such rules and regulations as the commissioner may adopt, and shall approve the application of the bidder, who in all respects, is eligible to hold a lease upon the land, and will pay the highest amount rental therefor; provided, that the commissioner shall have the right to reject all the bids submitted, and provided further, that any person occupying a United States homestead, lying adjoining, shall, upon application as in this act provided, have a preference right to lease such number of adjoining acres as is necessary for the personal use of such homesteader.

"Sec. 3. Any applicant to lease state land, may appeal from any decision of the commissioner of the state land department and from the state land department to the superior court of the county in which the land is situated, where said decision is adverse to said applicant in regard to the leasing of the land or any part thereof, described in said applicant's application.

"Sec. 4. The party appealing, his agent or attorney, shall give notice thereof in writing to said commissioner or land department from whose decision the appeal is being taken and to the adverse applicants to lease the land referred to in said decision within twenty (20) days from the date of the rendition thereof."

Those asserting that there is no right of appeal, from the land department to the superior court, do so on the ground that sections 3 and 4, *supra,* fail to set forth any rules or regulations or procedure for the exercise of the right. In other words, it is claimed that those two sections, purporting to give the right of appeal, are so incomplete and indefinite and uncertain in the manner of perfecting the appeal, certifying the record, and forming of issues, trial, and judgment, as not to be enforceable. The criticism of the lack of procedure, if all of it were contained within sections 3 and 4, would certainly be justified.

But where the right of appeal is expressly given, as in this case, it being remedial, the rule is to uphold it if possible. 3 C. J. 318, § 31; 2 R. C. L., p. 29, § 6; *People* v. *Bank of San Luis Obispo,* 152 Cal. 261, 92 Pac. 481; *O'Donnell* v. *District Court,* 40 Nev. 428, 165 Pac. 759. As is said in *Cook* v. *Vickers,* 141 N. C. 101, 53 S. E. 740:

"Where an appeal is expressly or impliedly given, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statutes may warrant, keeping in view always the intention of the legislature."

There can be no question whatever that the legislature had in mind cases like this one when it enacted paragraph 5563, Civil Code, which reads as follows:

"Whenever, by any law of this state, the right to appeal to the superior court, from any order, judgment, decision or action of any officer, board, commission, or body, is granted and the manner of taking such appeal and the procedure thereon is not prescribed, the laws relating to the taking of appeals from courts of justices of the peace, and the procedure therein shall apply, in all particulars not inconsistent with the law granting such right of appeal."

We see no insurmountable difficulty in applying the statutory rule for appeals from courts of justices of the peace to appeals from the land department. Because the exact steps prescribed in taking an appeal from courts of justices of the peace, and the procedure thereon, cannot be followed in an appeal from the land department to the superior court is no reason why such procedure may not be adopted in so far as it is not inconsistent with the law governing proceedings before the land department. For instance, the fact that an appeal from a justice court is perfected by giving notice thereof in open court, or written notice within five days after the rendition of the judgment, and within ten days thereafter filing an appeal bond, whereas under the Land Code, as amended, the notice of appeal may be given any time within twenty days from the rendition of the decision by the commissioner or the land department, does not make the procedure, under the latter act, indefinite or uncertain. The justice of the peace is required to make out a true and correct copy of all the entries made in his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs and original papers in the cause, to the clerk of the superior court

(paragraph 1344, Civ. Code), and by analogy the commissioner of the land department should certify to the superior court the minute entries in contests for leases, together with the original papers to the superior court, as he is given authority to authenticate all papers emanating from his office. Section 7, Land Code. The fact that it is impossible in an appeal from the land department to furnish the character of appeal bond provided for in an appeal from the justice court should be no impediment to the right of appeal. We know of no reason why the legislature may not provide for an appeal without requiring the appellant to give an appeal bond, and it seems from an inspection of the Land Code that it was probably the intention of the legislature that no bond on appeal should be given by the appellant. We say this because in that part of the Land Code providing for appeals from appraisements there is no provision for an appeal bond (sections 25, 26, 27, 28 and 29), and because, while sections 3 and 4, *supra*, provide for notice of appeal, they are silent as to appeal bond.

As was said by this court in *Coggins* v. *Ely*, 23 Ariz. 155, 202 Pac. 391:

"It is elementary that a court will not declare a law void for uncertainty or ambiguity, unless, after using every authorized means to ascertain and give the act an intelligible meaning, it is found impossible to clear up the doubt and dissolve the obscurity. . . . For the purpose of arriving at the intention, resort may be had to the words, the context, the subject matter, the effects and consequences, the spirit and reason of the law, and other acts *in pari materia*."

Applying this rule to the case in hand, there can be no doubt whatever that the legislature intended to give the right of appeal to a dissatisfied applicant for a lease, and that it intended that "the manner of taking such appeal and the procedure thereon" should be the same as in appeals from courts of jus-

tices of the peace, in all particulars, not inconsistent
with the law granting such right of appeal, and, being
satisfied of that, the plain duty of the court is to sus-
tain the right. *Merrill* v. *Savage,* 49 Tex. Civ. App.
292, 109 S. W. 408; *Pierson* v. *Board of Land
Commrs.,* 14 Idaho, 159, 93 Pac. 775; *McCall* v. *Marion
County,* 43 Or. 536, 73 Pac. 1030, 75 Pac. 140; *Cook* v.
*Vickers, supra; Blair* v. *Coakley,* 136 N. C. 405, 48
S. E. 804; *Finlin* v. *Heinze,* 27 Mont. 107, 69 Pac. 829,
70 Pac. 517.

It is further objected that, since upon an appeal
from the justice court to the superior court the law
is that the case shall be tried *de novo* (paragraph 511,
Civ. Code), to place the duty upon the courts to try
the questions involved between contesting applicants
before the land department to lease state land would
be requiring the courts to assume and exercise func-
tions properly belonging to another department of
state, and in violation of article 3 of the Constitution,
distributing the powers of the state into three depart-
ments. This, of course, assumes that the superior
court will be required to pass upon questions other
than judicial questions. We think, however, there
can be little doubt that the question as to which of
two contesting parties for a lease has "the best right
to such lease" is a judicial question. Under section
31 of the Land Code, as amended by chapter 166,
*supra,* it is provided that—

"The commissioner shall approve the application
of the one who, after investigation or hearing by the
commissioner, shall appear to have the best right
to such lease."

It is apparent from a further reading of said
section that "the right" referred to may be either a
legal right or an equitable one. Without undertaking
to state what these rights may be, it is sufficient to
say, while Arizona was a territory, and since, the

course of legislation, national and local, with reference to its institutional lands, has been such as to recognize and preserve the rights of occupants and tenants of such lands. They were expected and encouraged to make improvements upon the land leased from the territory or state, and provisions throughout the legislation are found to protect them in the ownership and enjoyment of such improvements. See Organic Act of the Territory, sections 91 to 93, inclusive, page 93, Revised Statutes of 1901; also title 65, Revised Statutes of 1901; article 10, Arizona Constitution; chapter 1, title 43, Civil Code of 1913; chapter 5 of Second Special Session Laws of 1915. One of the promises held out to the lessee of state lands who made improvements thereon was that he should have the preference right of renewal of his lease or to buy the land in case it was offered for sale. This right is a substantial one, entitling him to appeal to the courts of the land for protection against any wrongful deprivation thereof. *Welch* v. *Bohart,* 40 Okl. 439, 135 Pac. 1065.

It is also contended that the justice's court procedure cannot be followed in the matter of the form of judgment to be entered by the court, nor in the enforcement or execution thereof; that the matter of executing and delivering the lease to the applicant the court finds entitled thereto, is an administrative act, and can be performed only by the officer or officers thereunto authorized. Now, the attitude of the commissioner and land department is one of indifference, or at least disinterestedness. However, the notice of appeal is required to be served on the "Commissioner or Land Department from whose decision the appeal is being taken." We can see no object in this requirement, unless it be to obtain jurisdiction by the court over such officers for the purpose of di-

recting them to carry out the judgment of the court. In *McCall* v. *Marion County, supra,* the question was the assessment of damages for locating and opening a road over the premises of the appellant, and while the statute provided an appeal, it made no provision as to the mode by which the question should be tried and disposed of on appeal. The court used this language:

"The sole question to be tried is the amount of damages, if any, the claimant will sustain. The statute makes no provision as to the mode by which that question shall be tried on the appeal, and therefore the rules of practice and procedure which prevail in ordinary actions at law must be the guide. Elliott Roads and Streets, 2d ed., par. 362. The reasonable presumption is that when the legislature gave the right of appeal, and made no provision for the procedure thereon, it meant that the practice in ordinary actions and proceedings in the circuit court should apply. The cause on appeal must be tried as an ordinary action at law, without formal pleadings, however, and must necessarily result in a judgment either for or against the appellant."

See also *Rowand* v. *Little Vermillion Special Drainage District,* 254 Ill. 543, 98 N. E. 969.

In the performance of the duties imposed upon the land department, by the Land Code, in administering the lands of the state, necessarily many, and perhaps most, of the acts will be of an administrative or legislative character, and not subject to judicial review. In such cases, of course, the courts will refuse to accept jurisdiction, not because of no adequate procedure on appeal, but because they are without power to pass upon such questions.

Our conclusion is that the ruling of the trial court refusing to take jurisdiction of the appeal upon the sole ground that the procedure provided therefor is inadequate was in error, and the judgment is accord-

ingly reversed, with directions that the case be remanded and reinstated for further action not inconsistent with this opinion.

McALISTER and FLANIGAN, JJ., concur.