## In re HYGRADE CAKE BAKING CO., Inc.

### No. 33713.

District Court, E. D. New York.

Nov. 10, 1937.

Jacob L. Holtzmann, of New York City, for debtor.

## MOSCOWITZ, District Judge.

The Hygrade Cake Baking Co., Inc., on November 9, 1937, filed a petition under section 77B, Bankr.Act (11 U.S.C.A. § 207), and in said petition asked that same be regarded as properly filed. Upon the filing of said petition, the debtor presented an order restraining the World Paper Box Company, Inc., its attorney, and a marshal of the city of New York from selling its assets pursuant to a judgment obtained by said World Paper Box Company, Inc., against the debtor in the state court.

The question presented for consideration is whether or not the court is authorized to stay the sale by the marshal pending the determination of the question whether or not the petition was properly filed under section 77B, and whether or not said petition has been filed in good faith. The mere statement of the question involved seems to answer it.

Section 77B provides: "Upon the filing of such a petition or answer the judge shall enter an order either approving it as properly filed under this section if satis- fied that such petition or answer complies with this section and has been filed in good faith, or dismissing it. If the petition or answer is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature."

This statute requires the court to determine whether the petition should be "approved," and whether it has been "filed in good faith." These are questions which the judge must determine upon the facts and after a hearing. The court has the power under 77B to restrain the sale of the assets under a judgment pending the determination of the question whether or not the court should approve the filing of the petition and whether or not it was filed in good faith, otherwise, the assets of the debtor might be dissipated.

Certainly, a construction should be placed upon 77B which will aid the debtor's estate rather than destroy it. It was not the intention of Congress to permit the destruction of the assets of the debtor after the filing of the petition and prior to the approval of the filing. The statute says "upon the filing of said petition" the judge shall enter an order either approving it as properly filed or dismissing it; and, while ordinarily "upon" means immediately, the use of the word "upon" in its context indicates that the court is required to make a judicial determination. What is really meant by "upon," under the circumstances, is, that the determination shall be made within a reasonable time and as quickly as possible, with due regard to the question presented to the court.

The order has been signed restraining the judgment creditor, its attorney, and a marshal of the city of New York from selling the assets of the debtor until a further order of the court. This order will stand until the question has been determined whether the petition under 77B has been properly filed.