99 Ariz. 357 (1965)
409 P.2d 282
Corwin M. HAYS and Richard M. Jarrett, dba Hays & Jarrett, a co-partnership, Appellants,
v.
The ARIZONA CORPORATION COMMISSION, George F. Senner, Jr., E.T. "Eddie" Williams, Jr., and Jack Buzard, as members of said Commission, Appellees, Tucson Warehouse and Transfer Company, and Reliance Truck Company, Intervenors-Appellees.
No. 8398.
Supreme Court of Arizona, En Banc.
December 31, 1965.
*358 Lutich, D'Angelo & Wilson, by Richard A. Wilson, Phoenix, for appellants.
Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Robert Murless, Asst. Atty. Gen., Phoenix, Robertson, Childers, Burke & Drachman, by Frank E. Drachman, Jr., Tucson, Minne & Sorenson, by Richard Minne, Phoenix, for appellees and intervenors.
LOCKWOOD, Chief Justice.
Hays, one of the appellants, was granted a certificate of convenience and necessity by the Arizona Corporation Commission prior to the year 1950. The certificate authorized operation of a public service corporation for a period ending December 31, 1950. More than nine months after the expiration date, on October 11, 1951, Jack Buzard, then Director of the Motor Carrier Division of the Commission, sent a letter to Hays referring to the fact that the certificate had expired and advising that:
"In order to renew your certificate/permit of convenience and necessity, the enclosed application will have to be filed in duplicate and notarized. A *359 $5.00 fee is due the Commission for this."
On October 15, 1951, Hays filed an "Application for Renewal of Certificate of Convenience and Necessity No. 5220." The Commission, on October 29, 1951, without public hearing and without notice, granted the application and issued a renewal certificate to Hays.
Some ten years later, after an application to transfer the certificate in question had been noticed, Intervenor, Tucson Warehouse and Transfer Company, filed a complaint with the Arizona Corporation Commission seeking a revocation of the certificate, on the grounds the renewal certificate was void because the Commission had lost jurisdiction to issue it, and several other alleged grounds, which are not at issue before us. Intervenor, Reliance Truck Company, at the time of the hearing thereon before the Commission joined as a complainant.
The Commission determined that the certificate should be revoked and issued its decision No. 33256 on July 17, 1961. That portion of the Commission's decision which is relative to this appeal is as follows:
"The Commission finds that the Certificate of Convenience and Necessity No. 5220 held by Respondents expired and terminated on the 31st day of December, 1950; that a renewal attempt was made by the Respondents on October 15, 1951, at which time the Commission was without jurisdiction to renew said Certificate, inasmuch as the statutory and regulatory date for renewal had passed, and the Respondents upon application for renewal failed to comply with the statutory provisions relating to notice of hearings upon applications before the Commission, such failure further resulting in lack of jurisdiction in the Commission to renew said Certificate."
After a motion for rehearing had been denied by the Commission, appellants brought an action in the Superior Court of Maricopa County seeking to vacate and set aside decision number 33256, and to declare that Certificate of Convenience and Necessity No. 5220 was valid and proper.
At the time of the trial, upon the conclusion of opening statements by counsel, the Superior Court granted appellees' and Intervenor's motion to dismiss the complaint. The court below found (a) that certificate number 5220 expired by its own terms on December 31, 1950; (b) that the Commission renewed the said Certificate at an ex parte proceeding based on the application for such renewal dated October 15, 1951, and (c) that no prior or other application had ever been made for renewal of the certificate which had expired on December 31, 1950. The court concluded that under such circumstances the purported renewal of the certificate by the Commission *360 on the 15th day of October, 1951 was null and void since the Commission was without jurisdiction.
The appellants complain that the trial court erred in finding that the Arizona Corporation did not have jurisdiction to renew the Certificate of Convenience and Necessity on October 29, 1951 and argues that such renewal was proper under the circumstances.
Whether the Corporation Commission had the right to renew a Certificate of Convenience and Necessity which expired by its own terms on December 31, 1950, when such application for renewal was made nine and one-half months after the date of expiration depends upon the meaning of A.R.S. § 40-609 which follows:
"A certificate or permit shall not be granted for a term exceeding ten years, but upon the expiration thereof it shall, at the request of the holder, be renewed for a period of time equal to that of the original certificate or permit, unless good cause is shown for refusal thereof."
Prior to 1933 the statute provided that a certificate of convenience and necessity for common motor carriers should not be granted for a period to exceed ten years. It also set forth the procedure for granting such a certificate upon the application, notice of hearing, and hearing prior to granting. Section 736, Revised Code, 1928. There was no special provision, however, for a renewal of a certificate already in existence upon its expiration date.
In 1932 this court in Corporation Commission v. Peoples Freight Lines, 41 Ariz. 158, 16 P.2d 420 (1932) recognized that the legislative policy as set forth in § 736 of the 1928 Revised Code with regard to issuance of a certificate of convenience and necessity was that of a regulated monopoly. In the immediately following legislative session in 1933 the Legislature adopted a provision giving the holder of such a certificate the right to renew it "upon the expiration thereof," upon request. Section 8, Chap. 100, Laws of 1933, which section has been carried forward substantially as A.R.S. § 40-609, supra. This in effect was in furtherance of the regulated monopoly theory, in permitting a certificate holder to continue his right to operate under the certificate merely upon an ex parte request, without the necessity of going through the original hearing process.
Section 40-609 A.R.S. does not spell out the exact time within which a holder of a certificate may request a renewal of it, but merely states it may be done "upon" the expiration thereof. The use of the word "upon" does not necessarily imply immediacy, but within a reasonable time after the expiration date. Cf. People v. Williams, 24 Cal.2d 848, 851-852, 151 P.2d 244, 246 (1944); In re Hygrade Cake Baking Co., Inc., 21 F. Supp. 314, 315 (E.D.N.Y. 1937); *361 Kirk v. United States, 185 F.2d 185, 188 (9th Cir.1950); Bremerton Municipal League v. City of Bremerton, 13 Wash.2d 238, 243, 124 P.2d 798, 800-801 (1942).
That the Corporation Commission recognized this principle is obvious from the fact it issued General Order No. M.V.-20, setting a time for filing applications for renewal "on or subsequent to the 30th day of November of the calendar year in which the authority to operate expires." Appellees contend that the following language in said Order No. M.V.-20 limits the time within which such a renewal may be made to April 30 of the year following expiration date of the holder's certificate:
"The right of renewal of common carriers holding Certificates of Convenience and Necessity and Interstate motor carriers holding Registrations, which expired on the thirty-first day of December of the calendar year, will terminate unless all rules and regulations of the Arizona Corporation Commission have been complied with on or before the thirtieth day of April of the calendar year following the expiration of the authority to operate."
Appellant contends that it does not, since there is no cut-off date provided for the filing of the application or request for renewal. There is no provision that the application must be filed by April 30th or any other definite date.
We agree with appellant's contention. Obviously the Legislature intended to extend, not limit, the right to renew the certificate. The Corporation Commission did determine that a request presented as late as October 15, 1951, was not unreasonable, since it invited the request by the letter dated October 1, 1951 from its Director of the Motor Carrier Division, and subsequently on October 29 granted the renewal. Such action is not indicative of the interpretation appellee would make of the language of General Order M.V.-20, but sustains that contended by appellant. Hence, the statement in Tucson Warehouse & Transfer v. Al's Transfer, 77 Ariz. 323, 271 P.2d 477 (1954), cited by the appellee, that the Commission's orders are binding on the Commission and must be followed by it, is correct, but not applicable here.
We hold that the Corporation Commission had not lost jurisdiction to act upon the request for renewal on October 15, 1951. There being no intervening equities which would have been adversely affected thereby under the facts of this case, it was not unreasonable.
Judgment of the trial court dismissing appellant's complaint upon the ground of lack of jurisdiction of the Corporation Commission is reversed, and the case is remanded to the trial court for further proceedings *362 not inconsistent with this decision.
STRUCKMEYER, V.C.J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.