540 P.2d 126

**Nicholas BALESTRIERI, Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY INSURANCE CO., Appellee.**

**No. 11834–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 26, 1975.

Rehearing Denied Oct. 21, 1975.

Gorey & Ely by Joseph M. Bettini, Phoenix, for appellant.

Snell & Wilmer by Bruce Norton, Phoenix, for appellee.

HOLOHAN, Justice.

Nicholas Balestrieri filed a declaratory judgment action seeking an interpretation of the applicability of the uninsured motorist endorsement contained in an automobile liability insurance policy issued by Hartford Accident and Idemnity Company. The trial court ruled that the policy conditions for recovery had not been met and that the provisions of the policy were not in conflict with the Arizona uninsured motorist statute. 7 A.R.S. § 20–259.01. Upon appeal, the Court of Appeals, Division One, found the subject endorsement in derogation of the Arizona uninsured motorist statute and reversed. *Balestrieri v. Hartford Accident and Indemnity Insurance Co.*, 22 Ariz.App. 255, 526 P.2d 779 (1974). We granted review. The opinion of the Court of Appeals is vacated.

The facts are not in dispute. On January 20, 1971, Nicholas Balestrieri was traveling in a northerly direction in the center lane on Interstate Highway I–17. An unidentified vehicle changed lanes directly in front of Mr. Balestrieri's vehicle. Mr. Balestrieri swung to the right to avoid the vehicle and struck a street light pole. There was no contact of any kind or nature between the Balestrieri vehicle and the unidentified vehicle. The unidentified vehicle did not stop, and neither driver nor vehicle have subsequently been identified. At the time of the accident, a contract of insurance existed between Mr. Balestrieri and Hartford Accident & Idemnity Company which provided for uninsured motorist coverage.

The insured filed a demand with the insurer, under the uninsured motorist provision of the subject automobile liability policy, for damages for personal injuries caused by the accident. The insurer denied the claim, refused to arbitrate, and the insured initiated the declaratory judgment action.

The particular provision under which the insured claims coverage is the so-called "hit-and-run" paragraph. This provision specifically includes coverage for any "bod-

ily injury to an insured arising out of physical contacts" of insured's motor vehicle and any motor vehicle operated by a negligent "hit-and-run" driver, providing the "hit-and-run" driver cannot be ascertained.[1] The record below indicates that all prerequisites to recovery under the policy provisions have been complied with except the fact that there was no physical contact between the insured's vehicle and the vehicle operated by the unidentified driver.

The legal issue presented for our decision is narrow and can be precisely phrased—whether the "physical contact" requirement in the "hit-and-run" provision of the automobile liability insurance policy here under consideration is in derogation of the Arizona uninsured motorist statute and is void as against public policy. We hold that it is not.

The relationship between the standard uninsured motorist endorsement and the nearly uniform uninsured motorist statute has been the recent subject of voluminous litigation. A. Widiss, A Guide to Uninsured Motorist Coverage, § 2.41 (1969); 25 A.L.R.3d 1299. The inconsistent judicial positions which have emerged from this litigation must be viewed, at least in large part, in light of the state variations of the uninsured motorist statutes. Disregarding minor differences of negligible significance, we note that three distinct statutory variations have been enacted.

One version of the statute which has been adopted only in a few states specifically includes "hit-and-run vehicles" as well as "uninsured motor vehicles" in its coverage. *E.g.*, Ill.Rev.Stat. ch. 73, § 755a (1973); Wash.Rev.Code Ann. 48.22.030 (1974). Specific legislative inclusion of hit-and-run vehicles has not, however, forestalled litigation in this area. Illinois, for example, has defined "hit-and-run" as requiring an actual touching between the vehicles, emphasizing the association of physical contact with the word "hit." *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498 (1967). In contrast, Washington has construed the term as synonymous with unknown vehicles and thus not demanding physical contact. *Hartford Accident and Indemnity Co. v. Novack*, 83 Wash.2d 576, 520 P.2d 1368 (1974).

A second variation of the uninsured motorist statute enumerates three prerequisites which must be satisfied in hit-and-run accidents when the operator is unknown if the vehicle is to qualify as an uninsured

---

1. The relevant policy sections are as follows:
   1. Coverage D — Uninsured Motorists (Damages for Bodily Injury):
      To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . .

      · · · · ·

   2. Definitions: The definitions under Section I, except the definition of "insured", apply to Section III, and under Section III:

      · · · · ·

   "uninsured automobile" includes a trailer of any type and means:

      · · · · ·

   (b) a hit-and-run automobile;

      · · · · ·

   "hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

motor vehicle. *E.g.*, Cal.Ins.Code § 11580.2 (1974); Iowa Code Ann. § 516.A1 (1975). One of the prerequisites requires that "the bodily injury must arise out of *physical contact* of the automobile with the insured or with an automobile which the insured is occupying" (emphasis supplied). Although this enhanced degree of specification renders certain the necessity for physical contact, it is yet disputable as to what constitutes physical contact. *Krych v. Mercury Casualty Co.*, 16 Cal.App.3d 875, 94 Cal.Rptr. 592 (1971).

The third and most popular version of the uninsured motorist statute limits coverage to "uninsured motor vehicles." *E.g.*, Ala.Code Tit. 36, § 74(62a) (1973); Wis.Stat.Ann. § 204.30(5) (1975). A minimum of thirty-five states, including Arizona,[2] have adopted this legislative form. A. Widiss, A Guide to Uninsured Motorist Coverage, § 3.2, at 129–30 (1969). Of the states in this legislative category which have considered the issue before us, two divergent lines of authority appear to have developed. One view is that the physical contact restriction is in conflict with the uninsured motorist statute and is violative of the state's public policy. *Demello v. First Insurance Company of Hawaii, Ltd.*, 523 P.2d 304 (Hawaii 1974); *State Farm Fire and Casualty Co. v. Lambert*, 285 So.2d 917 (Ala.1973); *Crabtree v. Crabtree*, 527 P.2d 920 (Colo.Civ.App.1974). These jurisdictions have focused upon a

pronounced or presumed legislative intent to compensate the innocent motorist for injuries received at the hands of one from whom damages cannot be recovered. Viewed in this perspective, the courts have reasoned that a requirement of physical contact constitutes an impermissible restriction upon the protective purposes of the statute.

Other courts have held under identical statutes, however, that the physical contact rule is consistent with both the uninsured motorist statute and public policy. *Amidzich v. Charter Oak Fire Insurance Co.*, 44 Wis.2d 45, 170 N.W.2d 813 (1969); *Buckeye Union Insurance Co. v. Cooperman*, 33 Ohio App.2d 152, 293 N.E.2d 293 (1972); *Citizens Mutual Insurance Co. v. Jenks*, 37 Mich.App. 378, 194 N.W.2d 728 (1971). Central to their reasoning is the determination that the statute was intended to apply only when the negligent party actually is without insurance coverage. Since no presumption of lack of insurance may arise in instances where the negligent party remains unidentified, the statutory definition of uninsured vehicle cannot encompass "phantom" vehicles.

Although our courts have said that the Arizona uninsured motorist statute is to be liberally construed in accordance with its remedial purposes, *Reserve Insurance Co. v. Staats*, 9 Ariz.App. 410, 453 P.2d 239 (1969), it also has been noted that

2. 7 A.R.S. § 20–259.01 provides in pertinent part as follows:

§ 20–259.01. Coverage to include protection from operators of uninsured motor vehicles; right of rejection; supplemental or renewal policy

A. On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered· or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with

and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. *For the purposes of the coverage provided for pursuant to this section, "uninsured motor vehicles", subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is unable to make payment on the liability of its insured, within the limits of the coverage, because of insolvency.*

The italicized portion of the statute was added in 1970. House Bill 335, ch. 80, § 1, 29th Leg., 2d Reg.Sess. (1970).

"uninsured" within this section means literally "not insured." *Harsha v. Fidelity General Insurance Co.,* 11 Ariz.App. 438, 465 P.2d 377 (1970). In our opinion the terms of 7 A.R.S. § 20-259.01 are clear and unambiguous and need no construction as to their meaning. It is a fundamental rule of statutory construction that plain, clear and unambiguous language of a statute is to be given that meaning unless impossible or absurd consequences may result. *Marquez v. Rapid Harvest Co.,* 89 Ariz. 62, 358 P.2d 168 (1960). For us to extend coverage in this situation would be tantamount to rewriting and varying the plain language of the statute. This we are not empowered to do.

We find no statement of legislative intent to cast uncertainty upon our construction of the statute. It is significant to note that the original title of the act when introduced in the state senate read: "An Act relating to insurance; prescribing an unsured motorist and unknown motorist clause. . . ." Senate Bill 42, Ariz.S.Jour. 59 (1965). The fact that the phrase "unknown motorist" was deleted from the statute in its enacted form indicates a conscious legislative design to exclude unidentified motorists from the act's coverage. Furthermore, our legislature has not recognized the need to amend the term "uninsured motor vehicles" notwithstanding the judicial controversy surrounding its meaning. The fact that our legislature did amend another provision of the statute in 1970 evinces a continuing legislative concern for the sufficiency of the act's coverage.[3] The legislature has not, however, seen fit to adopt the broad provision found in the statutes of several other states.

Once it has been determined that "uninsured motor vehicles" is defined only as a motorist who is not insured, we cannot find the insurer's uninsured motorist endorsement in derogation of our insurance code. The uninsured motorist statute contemplates that proof of the identity of the owner or operator of the uninsured motor vehicle should be shouldered by the insured. Otherwise, it could not be ascertained whether the alleged negligent vehicle was uninsured. By issuing an automobile liability policy to the insured providing for uninsured motorist coverage in hit-and-run cases, even though restricted to instances in which there was physical contact between the vehicles involved, the insurer has actually provided in its policy an uninsured motorist coverage greater than that required by the insurance code. Because the hit-and-run provision is neither required nor prohibited by the Arizona uninsured motorist statute, the physical contact requirement is a matter of contract between the insurer and insured which we will not disturb. *Lawrence v. Beneficial Fire & Casualty Insurance Co.,* 8 Ariz.App. 155, 444 P.2d 446 (1968).

The insured has relied heavily on our decision in *Porter v. Empire Fire and Marine Insurance Co.,* 106 Ariz. 274, 475 P.2d 258 (1970), as illustrative of a broad and expansive construction of the words "uninsured motor vehicles." In *Porter,* we held that an insured, who was injured in an automobile accident caused solely by the negligence of another and who, because of a four-way division of the negligent driver's liability insurance, received only $2,500 for his injuries, was entitled to recover an additional $7,500 of his admitted damage under his uninsured motorist coverage. *Porter* was based upon our judgment that the purpose behind the Arizona uninsured motorist statute was to benefit the injured party to the same degree as if the uninsured motorist had liability insurance available to the injured party in the minimum limits set by the Financial Responsibility Act. 9 A.R.S. § 28-1170. To the extent the innocent motorist recovers an amount less than the statutory minimum the negligent motorist is uninsured. We find no inconsistency with *Porter* and our holding today since in both the injured party maintains

3. See note 2 *supra.*

the burden of establishing the fact that the negligent motorist was uninsured.

The judgment of the superior court is affirmed.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

CAMERON, C. J., did not participate in the determination of this matter.