695 P.2d 1127

### In re the MARRIAGE OF John T. GRAY, Petitioner-Appellee,

**Enthus Ann Gray, Respondent-Appellant.**

#### No. 17829–PR.

Supreme Court of Arizona, En Banc.

Feb. 20, 1985.

identified the signatures of Probation Officer Carol Porter on Exhibits 7 and 9.

Lowell A. Jensen, Clarkdale, for petition-er-appellee.

Dale L. Williams, Camp Verde, for re-spondent-appellant.

HAYS, Justice.

Enthus Ann Chance (formerly Enthus Ann Gray) petitions this court to review a decision of the court of appeals ordering dismissal of her appeal on grounds of untimeliness. *In re Gray v. Gray* (1984) [No. 1 CA–CIV 7856, filed Sept. 11, 1984]. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and 17A A.R.S. Civil Appellate Proc. Rules, Rule 23. The opinion of the court of appeals is vacated.

We address only one issue: Is payment of the record preparation fee, required by A.R.S. § 12–2107, a condition precedent to the clerk of a superior court filing a notice of appeal? We hold it is not.

The facts follow. The trial court entered judgment against Enthus Ann Chance on May 3, 1984. She had 30 days in which to file notice of appeal. 17A A.R.S. Civil Appellate Proc. Rules, Rule 9(a). Her notice of appeal was received by the clerk of Yavapai County Superior Court on or before the 30 days expired, but her notice of appeal was not accompanied by the required $40 preparation fee. A.R.S. § 12–2107 (costs on appeal). After a request by the clerk of the superior court, petitioner promptly paid the $40 fee. On that same day (June 7, 1984), the clerk filed petitioner's notice of appeal. This filing, however, was three days after the time for appeal had expired (June 4, 1984).

The court of appeals, *sua sponte*, entered an order dismissing petitioner's appeal as untimely. The court cited as authority *Ariz. Dept. of Economic Security v. Hall*, 120 Ariz. 514, 586 P.2d 1326 (App. 1978). In *Hall*, the court of appeals held that a superior court clerk could properly refuse to file a notice of appeal tendered without contemporaneous payment of this preparation fee. The court reasoned that if payment of this fee is a condition precedent to filing a notice of appeal, then any payment after the time for appeal had run would result in an untimely appeal—even though the clerk had received the proper pleading within the statutory period.

█ We disagree with *Hall* and note that it never came to this court for review. Certainly, the timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review. *Korens v. Arizona Dept. of Economic Security*, 129 Ariz. 426,

427, 631 P.2d 581, 582 (App.1981). We do not believe, however, that payment of a record preparation fee should be a prerequisite to filing a notice of appeal.

The preparation fee, required by A.R.S. § 12–2107, pays for preparing the trial court record for appellate review. *See* 17A A.R.S. Civil Appellate Proc. Rules, Rule 11(a) (Composition of Record on Appeal; Transmission of Record). It is not a filing fee charged by the clerk for noting receipt of the notice of appeal. Consequently, it seems a contortion to reason that payment of the fee to prepare the record for appeal is a prerequisite to filing a notice of intent to appeal.

■ Requiring timely filing of a notice of appeal serves two important functions: First, it gives warning to the appellee that the judgment is not final. Second, it serves to bar tardy appeals. *Barassi v. Matison*, 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981). Here, we believe that both of those functions were served. On May 31, 1981 petitioner mailed notices of appeal to both the clerk of Yavapai County Superior Court and to respondent. The time for filing notice of appeal did not expire until after June 4, 1984. We conclude that both the superior court and respondent were aware, within the statutory period, that petitioner intended to appeal. There is, therefore, no possibility that respondent may have relied, to his detriment, upon the trial court's judgment. Similarly, the appeal was not so tardy that it should be barred on those grounds.

Why, then, would *Hall* bar petitioner from her appeal? The policy of *Hall* is to insure that the $40 record preparation fee is promptly paid. According to *Hall*, until this fee is paid, no notice of appeal may be filed. However good the policy of insuring prompt payment of fees, it must be balanced against the price of dismissing potentially well-founded appeals. The right to appeal is remedial and, where expressly given, the rule is to uphold it, if possible. *Sears v. Walker*, 127 Ariz. 432, 436, 621 P.2d 938, 942 (1980); *Davis v. Campbell*, 24 Ariz. 77, 80, 206 P. 1078, 1079 (1922).

Nowhere in A.R.S. § 12–2107 do we find any authority that authorizes a clerk of the superior court to condition his or her acceptance of a notice of appeal upon prepayment of this preparation fee. In fact, the statute supports the opposite view. A.R.S. § 12–2107 provides:

The appellant in a civil action appealed to the court of appeals or the supreme court, as the case may be, shall *upon filing the notice of the appeal* pay to the clerk of the superior court from which the action is appealed a preparation fee of forty dollars. If an appellee files a cross appeal in the same case a preparation fee of forty dollars shall be paid to the clerk of the superior court. (Emphasis added.)

■ It is a rule of statutory construction that clear language in a statute is given its usual meaning unless impossible or absurd consequences would result. *Balestrieri v. Hartford Accident & Indemnity Insurance Co.*, 112 Ariz. 160, 163, 540 P.2d 126, 129 (1975). In this statute, the word "upon" suggests that notice of appeal must first be filed and then payment of the preparation fee is required. *Cf. Hays v. The Arizona Corporation Comm'n*, 99 Ariz. 358, 361, 409 P.2d 282, 284 (1965) ("upon" does not necessarily imply immediacy but can imply within a reasonable time thereafter); Webster's New International Dictionary (3rd ed. 1965) (definition of "upon" —"immediately following on: very soon after").

*Parissi v. Telechron*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), is factually similar to the case at bench. In *Parissi*, Anthony Parissi inadvertently failed to pay a $5 fee required to be paid "upon the filing" of the notice of appeal. *Id.* The clerk refused to file the notice of appeal until he received the filing fee. By the time the $5 was paid the period for appeal had run. *Id.* The Supreme Court held that the clerk of the court's receipt of the Parissi notice of appeal, within the 30-day period for appeal, was sufficient, despite the absence of the filing fee. *Id.*

We hold that the record preparation fee required by A.R.S. § 12–2107 shall be paid within a reasonable time after notice of appeal has been filed. Failure to pay this fee within such reasonable time can and should result in sanctions. We limit this holding to the record preparation fee required by A.R.S. § 12–2107. Insofar as it conflicts with this opinion, we overrule *Ariz. Dept. of Economic Security v. Hall, supra.* We vacate the opinion and the order of the court of appeals and reinstate petitioner's appeal.

GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

HOLOHAN, Chief Justice, dissenting.

The clear language of A.R.S. § 12–2107 appears to me to require that the notice of appeal and preparation fee be filed simultaneously. There is no authority in the statute for the clerk to extend credit when the notice of appeal is filed. I agree with the Court of Appeals' decision in *Dept. of Economic Security v. Hall,* 120 Ariz. 514, 586 P.2d 1326 (App.1978).

The decision by the majority has frustrated the purpose of the statute which is to have the appellant pay at least a small part of the expense associated with the preparation of an appellate record. Today's decision places the clerk of the superior court in the unhappy position of being in the collection business while the appellate courts of this state decide on the famous "case by case" method what is a reasonable time within which to pay the preparation fee.

I dissent.