NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LAUREN MICHELLE FARNSWORTH, *Petitioner/Appellee*,

*v.*

KEEGAN MOORE, *Respondent/Appellant*.

No. 1 CA-CV 24-0596 FC

FILED 03-25-2025

Appeal from the Superior Court in Maricopa County
No. FC2017-096843
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

Schiefer Law Firm PLC, Mesa
By Spencer Schiefer
*Counsel for Petitioner/Appellee*

Keegan Moore, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**M O R S E**, Judge:

¶1         Keegan Moore ("Father") appeals the superior court's judgment enforcing and modifying parenting time. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         Father and Lauren Michelle Farnsworth ("Mother") were divorced in 2018. They share one minor child. The superior court modified parenting-time orders in March 2021 and October 2023. In October 2023, the superior court: (1) found that Father had committed domestic violence against Mother in 2017; (2) prohibited physical discipline of the child; and (3) ordered that the parties meet at an agreed-on public location to exchange the child for Father's parenting time every other weekend.

¶3         Mother filed a petition to enforce and modify parenting time in November 2023, alleging Father had physically restrained the child and caused bruising.

¶4         In January 2024, Mother moved for emergency temporary orders, alleging further physical abuse by Father against the child. Mother requested Father's parenting time be supervised. The superior court issued an emergency order suspending Father's parenting time and set an emergency hearing.

¶5         At the emergency hearing in February 2024, Mother testified that the child returned from Father's home in October 2023 with red marks and small bruises on his back, arms, shoulders, and ribs. The superior court admitted photographs of the injuries. Mother testified the child told her that Father caused the injuries by "pinning" him down. Mother further testified that in January 2024, the child again had red marks on his shoulder and back after parenting time with Father. The superior court admitted a text conversation between the parties in which Father asserted the right to discipline the child as he saw fit. Father admitted to using a "behavioral hold" to calm the child after an outburst. Mother contacted police and the

Department of Child Safety ("DCS"), leading to Father's arrest, though the charges were later dropped. A DCS case manager testified that she attended a forensic interview of the child, reviewed the injury photographs, and that DCS intended to substantiate Mother's abuse report. Father testified that he viewed his actions as necessary intervention to calm the child rather than abuse or discipline.

¶6 The superior court issued temporary orders requiring supervised parenting time for Father to protect the child's physical, mental, or emotional health. The superior court ordered two supervised visits per week, up to two hours each, and required Father to complete at least 20 hours of parenting and anger-management classes.

¶7 At the April 2024 evidentiary hearing, Mother testified that the child fears Father and was afraid Father was going to kill him.[1] The DCS case manager testified that DCS substantiated the abuse report based on photographs and the child's statements. Father admitted he had not attended the required classes nor participated in supervised visits.

¶8 In June 2024, the superior court entered a final judgment modifying parenting time. The superior court found Mother's testimony credible regarding the child's fear of Father and concluded that Father used excessive physical discipline, exceeding his parental authority. The superior court ordered continued supervised parenting time under A.R.S. § 25-403.01(D) and A.R.S. § 25-411. The superior court ordered Father attend parenting time and anger-management classes and implemented a graduated parenting-time plan.

¶9 Father timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1). *See* Ariz. R. Fam. Law P. 78(a).

## DISCUSSION

¶10 Father's opening brief does not comply with ARCAP 13(a) because it lacks citations to the record and legal authority. Father also fails to develop his arguments with law and facts. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (stating that arguments are waived if not properly developed); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

---

[1] Father did not provide a transcript of the hearing. We therefore rely on the superior court's recitation of evidence as documented in its judgment modifying parenting time. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("When a party fails to include [transcripts or other necessary documents], we assume they would support the court's findings and conclusions.").

But because the child's best interests are at issue, we attempt to discern and address Father's arguments despite these deficiencies. *See Hays v. Gama*, 205 Ariz. 99, 102–03, ¶ 18 (2003); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).

¶11          We review orders modifying parenting time for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). The superior court abuses its discretion when its decision lacks competent evidentiary support from the record. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

## I.      Denial of Motion for Relief from Judgment.

¶12          Father argues the superior court erred in denying his motion for relief from judgment on voidness grounds.

¶13          In November 2023, Father filed a notice in the superior court attempting to vacate as void an unspecified child-support order, citing the Federal Rules of Civil Procedure. Father attached documents he claimed constituted the judgment he was challenging. The documents included a "UCC Lien Search" from November 2023 showing "no matches found" for Father, and a DCS child-support arrearage calculation report dated April 15, 2022. The superior court treated Father's notice as a motion and denied relief.

¶14          On appeal, Father argues the superior court did not follow proper procedure in issuing an unspecified child-support-related income withholding order. However, he fails to identify which specific order he challenges. At best, the arrearage-calculation report references a superior court order dated March 12, 2021, and entered pursuant to the parties' stipulation. But Father's notice of appeal is directed only to the June 2024 judgment modifying parenting time. Even if Father could appeal from the 2021 order entered pursuant to stipulation, Father did not file a timely notice of appeal from that order, which is a "jurisdictional prerequisite to appellate review." *In re Marriage of Gray*, 144 Ariz. 89, 90 (1985). Nor can we review the denial of a motion for relief from judgment when Father never specified which underlying order he challenges.

## II.      Fraudulent Concealment and Extrinsic Fraud Argument.

¶15          Father also asserts that Mother and the DCS case manager provided false testimony during the evidentiary hearing that the child suffered injury. He argues that the superior court's judgment is void due

to fraudulent concealment of a forensic nursing examination ("FNE") report.

**¶16** "[W]e do not reweigh the evidence" on appeal and defer to the superior court's credibility determinations. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). Further, as noted above, because Father did not provide a transcript, we assume the missing record supports the superior court's ruling. ARCAP 11(c)(1)(B) (stating the appellant has the duty to include the relevant transcript to challenge a judgment on contrary evidence grounds); *Baker*, 183 Ariz. at 73 (same).

**¶17** Regarding the alleged concealment of the FNE report, the record contradicts Father's claim that the report was withheld. Father included the report in his pretrial statement as a listed exhibit, but did not offer it into evidence at trial. Even if the FNE report concluded there were no injuries to the child on January 24, 2024, the record includes a separate medical progress note dated January 22, 2024, in which a certified nurse practitioner documented the child's statement that Father had injured him the day prior and noted visible marks. The provider also reported safety concerns to DCS. Thus, Father has provided no basis on which to vacate the court's ruling, and has not shown any abuse of discretion in the superior court's finding that Father used excessive physical discipline.

## III. Jurisdiction.

**¶18** Father argues the the superior court lacked personal and subject matter jurisdiction, and that all orders are void due to the absence of proof of service following Mother's November 8, 2017, dissolution petition.

**¶19** But the record refutes this claim. Father filed an acceptance of service on the same day the petition was filed. He made appearances, submitted responses, and filed post-judgment motions. He also affirmed that his address remained in Maricopa County and did not dispute that the child was physically present in Arizona.

**¶20** Under the Uniform Child Custody Jurisdiction and Enforcement Act, the superior court had jurisdiction to make an initial child-custody determination because Arizona was the "home state" of the child at the time the proceeding commenced. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 19 (App. 2017). Father's conduct and arguments confirm that the child was domiciled in Arizona, and jurisdiction was proper. Thus, his argument lacks merit and provides no basis on which to vacate the superior court's judgment modifying parenting time seven years later.

## IV.    State Seal and Clerk's Signature.

**¶21**    Father challenges the validity of the judgment by asserting that certain documents in the record (including the summons, complaint, and an unspecified under-advisement ruling) are void because they lacked a state seal or clerk's signature.

**¶22**    Father cites to 28 U.S.C. § 1691, a federal statute governing federal court documents, to support his claim. This statute does not govern Arizona state-court procedures. In Arizona, the applicable rules—Arizona Rule of Family Law Procedure 40(f), and A.R.S. § 41-251—permit deputy clerk stamps as valid notarial acknowledgments. The superior court properly rejected this argument.

## V.    Denial of Jury Trial.

**¶23**    Father contends that the superior court erred by denying his jury-trial request. Arizona law explicitly requires legal decision-making and parenting-time matters to be decided by a judge, not a jury. *See* A.R.S. § 25-407(D) ("The court, without a jury, shall determine questions of law and fact."). The superior court correctly denied Father's request.

## VI.    Judicial Bias Argument.

**¶24**    Father asserts the superior court judge was biased and erred in denying his disqualification request.

**¶25**    The superior court judge referred Father's disqualification request to the Family Department Presiding Judge, who viewed it as a motion for a change of judge, and denied it. We review the denial of a request to change judge for an abuse of discretion. *Coffee v. Ryan-Touhill*, 247 Ariz. 68, 72, ¶ 17 (App. 2019).

**¶26**    The superior court may grant a motion for a change of judge if the judge harbors bias or prejudice against a litigant. Ariz. R. Fam. Law P. 6.1(a); A.R.S. § 12-409(B)(5). The party seeking recusal must prove prejudice or bias by a preponderance of the evidence because we presume judges are impartial. *Aubuchon*, 233 Ariz. at 66, ¶ 14. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" absent a showing of "an extrajudicial source of bias or [] deep-seated favoritism." *State v. Ellison*, 213 Ariz. 116, 128, ¶ 40 (2006) (cleaned up).

**¶27**    On appeal, Father cites the judge's past employment with DCS, denial of a jury trial, and rulings as evidence of judicial bias. But

Father does not argue or point to any evidence that the judge had any involvement with the parties or the child while working with DCS. And, as noted *supra* ¶ 23, Father had no right to a jury trial, so the judge's denial of that request does not provide a basis for a change of judge. Father points to no extrajudicial source of bias or favoritism. Father's unsupported and generalized allegations fail to meet his burden to prove bias or prejudice by a preponderance of the evidence. *Ellison*, 213 Ariz. at 128, ¶ 37.

## VII. Attorney Fees.

**¶28**        Mother requests attorney fees and costs under A.R.S. § 25-324 and ARCAP 21 for Father's: (1) failure to make any record citations; (2) "fail[ure] to present any prima facie case or argument that support[s] his claims on appeal; and (3) unreasonable positions. In the exercise of our discretion, we award Mother reasonable attorney fees and costs upon her compliance with ARCAP 21. *See* A.R.S. § 25-324.

### CONCLUSION

**¶29**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR

7