THE STATE OF OHIO, APPELLANT, *v.*
REITZ, APPELLEE.

(No. 11529 — Decided April 11, 1984.)

*Lynn Slaby,* prosecuting attorney, for appellant.

*Donald S. Varian, Jr.,* for appellee.

GEORGE, J. On March 31, 1983, Richard Reitz was indicted on one count of illegal possession of drug documents in violation of R.C. 2925.23(B). The summons was personally served on Reitz at an address on Schocalog Road. Reitz was thereafter confined in the federal penitentiary in Terre Haute, Indiana on unrelated charges. On April 11, a capias was issued against Reitz for his failure to appear for arraignment. On May 16, 1983, Reitz's attorney filed a motion to bring Reitz to trial stating that he was incarcerated in Terre Haute. On June 27, Reitz sent a motion for speedy trial to the Summit County Prosecutor. On October 11, 1983, the records department manager from Terre Haute requested disposition of the indictment pending against Reitz. The request included a certification of inmate status and an offer to deliver temporary custody. Trial on illegal possession of drug documents was set for November 23, 1983. On November 22, Reitz filed a motion to dismiss based upon the state's failure to comply with R.C. 2963.30, the Interstate Agreement on Detainers ("IAD"), and R.C. 2945.71, the speedy trial provision. The motion to dismiss was granted on the basis that the provision of R.C. 2963.30 had been violated. The state has taken this appeal.

1

### Assignment of Error

"The trial court erred in dismissing the indictment against appellee under Article III of O.R.C. 2963.30 where appellee failed to meet the requirements of the statute."

In his motion to dismiss Reitz maintained that the request for a speedy trial under IAD was filed on May 16, 1983. Reitz maintained that the trial, scheduled for November 23, was outside the one-hundred-eighty-day limit. The state contends that the one-hundred-eighty-day period did not begin until June 16, at the earliest, and the trial date was within the statutory limits.

R.C. 2963.30, Article III, provides, in part:

"(a) *Whenever a person has entered upon a term of imprisonment* in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, *he shall be brought to trial within one hundred eighty days after* he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction *written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint:* provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. *The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner,* stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." (Emphasis added.)

Before the one-hundred-eighty-day trial period begins to run, Reitz is required to file a request with the prosecutor and the court. The request must be accompanied by a certification of the warden. The warden is obligated to forward the request along with the appropriate certificate to the prosecutor. In this case, Reitz's request and the certificate were filed with the trial court on October 11, 1983.

Under the express provisions of the statute, the one-hundred-eighty-day period did not commence until the certification was received from the warden on October 11, 1983. Although Reitz maintains that there was substantial compliance when he filed his request on May 16, 1983, he also contends that the state has exceeded the express one-hundred-eighty-day limit. Before Reitz can require compliance with the statute by the state, he must have complied with the mandates of the section. *Williams* v. *Maryland* (D. Md. 1978), 445 F. Supp. 1216. This court finds that Reitz made an appropriate request to the prosecutor through the records commissioner on October 11. It is from this date that the one hundred eighty days began to run. At the time the motion to dismiss was granted, forty-two days had expired.

Reitz also maintained that the limits of the speedy trial provisions had been exceeded. R.C. 2945.71 provides, in part:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

R.C. 2945.72 provides, in part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability * * *."

The record indicates that Reitz was unavailable for further prosecution until October 11, when the request for trial was made. From the time the indictment was filed in March until October 11, the time was tolled under R.C. 2945.72(A) due to Reitz's unavailability.

Therefore, this court finds that the limits of the IAD have not been exceeded. The court also finds that the limits of the speedy trial requirements have not been violated. The assignment of error is well-taken. The judgment is reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.