The STATE of Ohio, Appellant,

v.

BROWN, Appellee.

[Cite as *State v. Brown* (1992), 79 Ohio App.3d 445.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–08–056.

Decided May 4, 1992.

*Donald W. White,* Clermont County Prosecuting Attorney, *David H. Hoffman* and *Daniel J. Breyer,* Assistant Prosecuting Attorneys, for appellant.

*R. Daniel Hannon,* Clermont County Public Defender, and *Marshall McCachran,* Assistant Public Defender, for appellee.

---

JONES, Presiding Judge.

The state of Ohio appeals an order of the Clermont County Court of Common Pleas dismissing an indictment against defendant-appellee, Donald Wayne Brown, which charged him with complicity in passing a bad check. The indictment was dismissed for the state's failure to bring Brown to trial within the time limit imposed by the Interstate Agreement on Detainers ("I.A.D.") codified in R.C. 2963.30. In a single assignment of error, the state contends that the trial court erred in finding that Brown's speedy-trial rights under Article III of the I.A.D. were violated.

On July 7, 1988, Brown was indicted on one count of complicity in passing a bad check in violation of R.C. 2913.11 and 2923.03(A)(2). A warrant on the indictment was issued, but Brown could not be located and was not served. On January 20, 1990, the Clermont County Prosecutor learned that Brown was in the custody of the Jackson County, Michigan, Sheriff and filed an I.A.D. Form 5 "Request for Temporary Custody" with the sheriff pursuant to Article IV of the I.A.D. The Jackson County Sheriff forwarded the Clermont County Prosecutor's request to the Michigan Department of Corrections when Brown became an inmate in the Cotton Regional Correctional Facility in Jackson, Michigan, on February 15, 1990. Thereafter, on February 20, 1990, Michigan authorities also received a similar Article IV I.A.D. request for temporary custody of Brown from the state of Kentucky.

On March 27, 1990, an I.A.D. Form 4 "Offer to Deliver Temporary Custody," signed by both Warden Gene Borgert of the Cotton Regional Correctional Facility and Brown, was sent to the commonwealth attorney in Fayette County, Kentucky. Neither a copy of this form nor any such similar form was ever sent to Clermont County, although the bad check charge was listed as a pending indictment on the form. From April 17, 1990 until May 21, 1990,

Brown was in Kentucky where he was tried on charges of forgery and theft by deception.

On February 11, 1991, Brown, who was now incarcerated in Kentucky, filed a *pro se* motion in Clermont County Common Pleas Court to dismiss the pending bad check charge, essentially claiming that his right to a speedy trial under the I.A.D. had been violated. No action was taken on this motion. On March 15, 1991, Brown filed a similar motion to dismiss, again claiming his right to a speedy trial under Article III of the I.A.D. had been violated. On May 24, 1991, Brown was finally arrested and brought to Ohio for trial.

The trial court found that Brown had requested final disposition of the Clermont County charge on February 20, 1990,[1] and that the prosecutor had failed to bring Brown to trial within the time period set forth in Article III of the I.A.D. The court accordingly granted Brown's motion and dismissed the pending charge.

The I.A.D. establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that person to trial. *Cuyler v. Adams* (1981), 449 U.S. 433, at 435, 101 S.Ct. 703, at 705, 66 L.Ed.2d 641, at 646, fn. 1; *State v. York* (1990), 66 Ohio App.3d 149, 155, 583 N.E.2d 1046, 1050 (Jones, P.J., dissenting). Specifically, Article III of the I.A.D. states that:

"(a) *Whenever a person has entered upon a term of imprisonment* in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, *he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint* * * *.

"(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

"* * *

---

1. The trial court apparently confused the February 20, 1990 date of Kentucky's request for temporary custody with the offer to deliver temporary custody dated March 27, 1990.

"(d) *Any request* or [for] final disposition made by a prisoner pursuant to paragraph (a) hereof *shall operate as a request for final disposition of all untried indictments, informations or complaints* on the basis of which detainers have been lodged against the prisoner *from the state to whose prosecuting official the request for final disposition is specifically directed. The warden,* commissioner of corrections or other officials having custody of the prisoner *shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state* to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. * * * " (Emphasis added.)

Article IV of the I.A.D. provides the means by which a prosecutor who has lodged a detainer against a prisoner in another state can secure the prisoner's presence in his jurisdiction for disposition of the outstanding charge:

"(a) *The appropriate officer* of the jurisdiction in which an untried indictment, information or complaint is pending *shall be entitled to have a prisoner* against whom he has lodged a detainer and who is serving a term of imprisonment in any party state *made available* * * * *upon presentation of a written request for temporary custody* or availability *to the appropriate authorities of the state in which the prisoner is incarcerated* * * *.

"(b) Upon receipt of the officer's written request as provided in paragraph (a) hereof, the appropriate authorities having the prisoner in custody shall furnish the officer with a certificate stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." (Emphasis added.)

When the prosecution initiates the return of the prisoner for trial under Article IV(a), the trial must begin within one hundred twenty days of the prisoner's *return* to the receiving state. *State v. York, supra,* at 154, 583 N.E.2d at 1049. However, when the prisoner initiates his return under Article III, trial must begin within one hundred eighty days after the receiving state's authorities *receive the prisoner's request* for trial. *State v. Reitz* (1984), 26 Ohio App.3d 1, 26 OBR 168, 498 N.E.2d 163.

The trial court found that the March 27, 1990 Form 4 constituted an Article III request by appellant for final disposition of all pending charges, including the Clermont County bad check charge which was included on the Form 4. Although the Form 4 was addressed to the prosecuting official in the receiving state of Kentucky, not Ohio, Article IX requires that the I.A.D. shall be liberally construed so as to effectuate its purposes. *State v. York, supra,* 66 Ohio App.3d at 153, 583 N.E.2d at 1049. Thus, substantial compliance with

the terms of the agreement by the defendant is sufficient to invoke its protection. *Id.; State v. Ferguson* (1987), 41 Ohio App.3d 306, 535 N.E.2d 708. A defendant substantially complies with the I.A.D. "by doing everything that could reasonably be expected." *Id.* at 311, 353 N.E.2d at 713.

In his motion to dismiss, Brown argued that the Form 4 which he signed constituted his Article III request for disposition of *all* untried indictments, informations and complaints. We can presume that Brown was aware of the pending charges in both Kentucky and Clermont County from the fact that such charges were listed on the Form 4 which Brown signed.

Some courts of appeal have concluded that the one-hundred-eighty-day period for Article III actions begins to run only as of the time the receiving state's prosecuting attorney receives the prisoner's notice and request for final disposition, together with the requisite offer to deliver temporary custody. *State v. Reitz, supra; State v. Black* (1990), 70 Ohio App.3d 440, 591 N.E.2d 368.

We believe, however, that Brown had done everything possible in the case at bar to request a disposition of the pending Clermont County charge. Through no fault of his own, no action was taken on the Clermont County charge. The Michigan authorities failed to follow up on Brown's request and took no action on either Brown's Article III request or the Clermont County Prosecutor's Article IV request. Once a defendant has completed a request form and forwarded it to the appropriate prison officials, he has fulfilled his burden to substantially comply with the I.A.D. *State v. Ferguson, supra,* 41 Ohio App.3d at 311, 535 N.E.2d at 713. The sending state's failure to follow proper procedure once it receives a defendant's request "should not vitiate an inmate's right to a speedy trial once requested." *Id.*

In *State v. York, supra,* 66 Ohio App.3d at 155, 583 N.E.2d at 1050, we held that the Article III one-hundred-eighty-day speedy-trial period began to run when the defendant formally requested a final disposition and forwarded the necessary documents to the proper prison officials. In the case at bar, Brown requested final disposition on March 27, 1990. Thus, the Clermont County Prosecutor had one hundred eighty days from that date to bring Brown to trial. Inasmuch as Brown was not brought to trial within that time, the trial court correctly granted the motion to dismiss.

The assignment of error is not well taken and is hereby overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.