OPINION
Plaintiff-appellant/cross-appellee, the state of Ohio, appeals a decision of the Clermont County Court of Common Pleas granting the motion to dismiss of defendant-appellee/cross-appellant, William J. Ward.
Appellee was indicted by a Clermont County Grand Jury for two counts of felonious assault on November 5, 1997. At the time of the indictment, appellee was in federal custody in Campbell County, Kentucky, awaiting trial on federal charges arising out of the same incident. After appellee was convicted and sentenced in federal court, he was incarcerated at the federal penitentiary in Terre Haute, Indiana.
The state of Ohio made a request for temporary custody of appellee pursuant to Article IV of the Interstate Agreement on Detainers ("IAD"). Appellee was transferred to Clermont County, Ohio on April 16, 1999.
Appellee pled not guilty to the Ohio charge. On June 7, 1999, the matter came before the trial court for a pretrial conference. Counsel for appellee indicated that the transcript from appellee's federal trial was several thousand pages. Because the parties agreed that it might take more than two or three days for the state trial, they agreed to set the trial for five days. A trial date of October 4 — 8, 1999, was discussed and counsel for appellee stated that he was available on those dates. Trial was then set for October 4 — 8. On September 8, 1999, the state filed a motion for a continuance of the October trial date and the court agreed to continue the trial.
On September 21, 1999, appellee filed a motion to dismiss based on a violation of his speedy trial rights both under Ohio's speedy trial statute, R.C. 2945.71, and under the IAD. An evidentiary hearing was held before the trial court on October 8, 1999. The trial court issued an entry on November 9, 1999 in which it found appellee's speedy trial rights were not violated under Ohio's speedy trial statute, but that appellee's rights had been violated under the IAD.
The state appealed the trial court's decision that appellee's speedy trial rights had been violated under the IAD. Appellee cross-appealed, challenging the trial court's determination that his speedy trial rights had not been violated under Ohio's speedy trial statute. Each party presents a single assignment of error. The state's assignment of error states that the trial court erred by dismissing the indictment against appellee on the basis of the IAD; appellee's assignment of error states that the trial court erred by overruling his motion to dismiss based upon Ohio's speedy trial statute.
The Interstate Agreement on Detainers
The IAD is a "compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill (2000), ___ U.S. ___,120 S.Ct. 659, 662. Although the IAD has been codified at R.C. 2963.30, it is a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution, the interpretation of which presents a question of federal law. Id.;Cuyler v. Adams (1981), 449 U.S. 433, 442, 101 S.Ct. 703, 706;State v. Wells (1994), 94 Ohio App.3d 48, 52.
Article IV of the IAD provides a procedure by which a prosecutor who has lodged a detainer against a prisoner in another state can secure the prisoner's presence for disposition of an outstanding charge. When a prisoner's presence to answer charges is obtained pursuant to Article IV of the IAD, the prosecution has one hundred twenty days from the date of the prisoner's return to the state in which to commence trial. R.C. 2963.30; State v.Brown (1992), 79 Ohio App.3d 445, 448; State v. York (1990),66 Ohio App.3d 149, 155.
In this case, appellee was brought back to Clermont County pursuant to Article IV of the IAD on April 16, 1999. The state had one hundred twenty days, until August 14, 1999, to bring appellee to trial.
The state acknowledges that pursuant to the IAD, trial should have commenced on or before August 14, 1999. However, the state argues that counsel for appellee waived the one hundred twenty day time limitation by agreeing to a trial date beyond August 14, 1999.
In a recent United States Supreme Court case, the Court found that defense counsel could effectively waive a defendant's right to be brought to trial within the time periods specified under the IAD by agreeing to a trial date outside of the time period. _NewYork v. Hill, ___ U.S. ___, 120 S.Ct. 659. The Supreme Court noted that lower courts generally agree that a defendant may waive his right to object to a delay under the IAD, but disagree on what is necessary to effect a waiver. Id. at 663-64. The Supreme Court found that scheduling matters are generally within the control of counsel and requiring a defendant's express consent for often repetitive scheduling determinations would serve no apparent purpose. Id. at 664.
Appellee contends that the facts of this case are substantially distinguishable from Hill. Appellee argues that the record in this case does not support a finding that a waiver of appellee's rights was made by defense counsel. Appellee argues that in Hill, the Supreme Court reviewed a record of the colloquy between the trial court and defense counsel agreeing to a date beyond the IAD limits and that in this case, no record was made of the in-chambers pretrial conference in which the trial was set for October. Appellee argues that waiver cannot be presumed from a silent record.
While there is no record of the conversation which took place at the pretrial hearing in which defense counsel agreed to an October trial date, the record is not silent on the issue. The record contains testimony at the hearing on the motion to dismiss regarding this issue. The assistant prosecuting attorney testified that defense counsel did not object when the court proposed the October trial date. He testified that defense counsel stated words to the effect of "works for me," and that the decision was made and agreed upon by all parties.
In addition, defense counsel admits that he acquiesced in the trial date proposed by the court. He argues that he simply acquiesced in the trial date and did not affirmatively engage in any act or require the court to act in a manner inconsistent with the IAD. However, the Supreme Court rejected the argument that defense counsel must affirmatively waive speedy trial rights. InHill, the New York Court of Appeals held that speedy trial rights under the IAD could only be waived "explicitly or by an affirmative request for treatment that is contrary to or inconsistent with those speedy trial rights." New York v. Hill, ___ U.S. at ___, 120 S.Ct. at 666, quoting People v. Hill (1998),92 N.Y.2d 406, 411, 704 N.E.2d 542, 545. The Supreme Court rejected this holding, stating that such a standard "makes dismissal of the indictment turn on a hypertechnical distinction that should play no part." Id.
We find the Supreme Court's decision in Hill controlling in this case. The IAD time requirements were waived when counsel for appellee agreed to a trial date beyond the statutory time period. The trial court erred by dismissing the indictment pursuant to the IAD speedy trial requirements. The state's assignment of error is sustained.
Ohio's Speedy Trial Statute
In his cross-appeal, appellee contends that the trial court erred by finding his rights were not violated under Ohio's speedy trial statute. The trial court found that the state used due diligence to return the defendant to Ohio for trial. Appellant responds by arguing that the IAD provisions prevail over Ohio's speedy trial statute.
R.C. 2945.71, Ohio's speedy trial statute provides that a person charged with a felony must be brought to trial within two hundred seventy days of his arrest. R.C. 2945.71(C)(2). Appellee argues that he was arrested on these charges on November 6, 1997, when the Clermont County Sheriff's Office sent a teletype to the Campbell County Sheriff's Office, advising them of the warrant on indictment against appellee. Appellee contends that the time he was in federal custody should not toll the speedy trial time because the state did not use due diligence to return him to Ohio.
Under the facts before us, we find it necessary to examine the interplay between Ohio's speedy trial statute and the IAD. While both statutes are similar in their purpose and in that they provide time periods in which a defendant must be brought to trial, their provisions operate in substantially different manners.
Ohio's speedy trial statute provides differing time periods based on the severity of the offense. See R.C. 2945.71. For example, a person charged with a minor misdemeanor must be brought to trial within thirty days, while the state has two hundred seventy days in which to bring a person accused of a felony to trial. R.C. 2945.71(A); R.C. 2945.71(C). The IAD provides differing time periods based on which party initiates the prisoner's return to the state in which an indictment is pending. See State v. Brown, 79 Ohio App.3d at 448. If the state initiates the request, the defendant must be brought to trial within one hundred twenty days. R.C. 2963.30. If the return is initiated by the prisoner, the state has one hundred eighty days in which to bring the defendant to trial. Id.
The triggering mechanisms of Ohio's speedy trial statute also differ from those in the IAD. Ohio's statute is triggered by a person's arrest, see R.C. 2945.71, while the filing of a detainer triggers application of the IAD. State v. Wells,94 Ohio App.3d at 53. Pursuant to the IAD, the date on which the applicable time period begins to run depends on which party initiated the prisoner's return. If the prisoner files a request under Article III of the IAD, the time provisions are triggered by the state's receipt of a prisoner's request. R.C 2963.30. When the state initiates a prisoner's return under Article IV of the IAD, the time begins to run upon the prisoner's return to the state. Id.
Because of these differences, it is important for the state to be aware of which statute applies. The record indicates that problems arose in this case because the parties and the trial court initially believed that the two hundred seventy-day requirement of Ohio's speedy trial statute applied.
The state argues that the IAD controls over the state speedy trial requirements. It appears that appellee contends both statutes should apply, and that the indictment must be dismissed if either of the statutes are violated. We note that one other appellate court, The Eleventh District Court of Appeals, addressed this issue and determined that the IAD requirements control over the state speedy trial statute. State v. Gall (Feb. 28, 1992), 1992 Ohio App. Lexis 872, Trumbull Co. App. No 91-T-4530, unreported.
The Ohio Revised Code states that "section 2945.71 [Ohio's speedy trial statute] shall not be construed to modify in any way section 2941.401 [an intrastate transfer provision] or sections2963.30 to 2963.35 of the Revised Code [the IAD]." R.C.2945.71(F).
Several courts have considered R.C. 2945.71(F) as it pertains to R.C. 2941.401, an intrastate transfer provision. This section provides a procedure by which a person imprisoned in the state of Ohio who has untried indictments pending within the state can request a final disposition of these matters. The language of this intrastate provision is very similar to the language in Article III of the IAD and provides that the prisoner must be brought to trial within one hundred eighty days of the request. The courts addressing this issue have held that pursuant to R.C.2945.71(F), the specific intrastate provision prevails over the general speedy trial statutes. State v. Kuhn (June 10, 1998), Ross App. No. 97-CA-2307, unreported; State v. Hill (Dec. 30, 1996), Meigs App. No. 96CA4, unreported; State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100, unreported; State v. Fowler (Sept. 4, 1987), Tuscarawas App. No. 87AP010009, unreported.
The reasoning of these cases applies equally to the IAD provisions. Accordingly, we find that the specific provisions of the IAD prevail over the Ohio speedy trial statute. As such, it is unnecessary for us to determine whether appellee's rights were violated under Ohio's speedy trial statute.
Based upon the foregoing, appellee's assignment of error in his cross-appeal is overruled.
WALSH and VALEN, JJ., concur.