JOURNAL ENTRY AND OPINION,
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellee Thomas Pierce was indicted and arraigned in November 1993. The trial court granted a motion to suppress the stop leading to defendant's arrest, a decision this court overturned in May 1995. An appeal to the Supreme Court of Ohio was denied on November 30, 1995.
In the case at bar, the state appeals the trial court's decision to grant appellee's motion to dismiss for lack of a speedy trial. According to the state, the speedy trial provisions set forth in R.C. 2963.30 were never triggered. We disagree.
Since January 1997, defendant has been incarcerated in Pennsylvania. The record and the parties' briefs are devoid of information regarding the status of the case between May 1995 and January 1997.
The docket shows that some pretrials were held in early 1998 and that in June 1998, defendant's counsel notified the trial court that defendant was incarcerated in Pennsylvania. In July 1998 the trial court issued a capias requesting the temporary return of defendant to Ohio. The Sheriff's office prepared a detainer dated July 15, 1998, and a request for Temporary Custody to Pennsylvania, pursuant to Interstate Agreement on Detainers was sent to Pennsylvania, but the State of Pennsylvania never responded. Appellant's brief at 2. The docket contains the entry,
 Capias issued. The sheriff's department is ordered to immediately return defendant from the state correctional facility at Camp Hill, P.O. Box 8837 Camp Hill, Pennsylvania or from any other Pennsylvania correctional institution.
 Defendant is being held at the county jail for trial in case CR 301570. Defendant is black/male DOB 8/12/49 SSN * * *. Journal Entry of June 26, 1998.
There is no explanation in the record of why the entry states that the prisoner is both ordered to be returned and supposedly present in the county jail at the same time. At the hearing, the court indicated that the entry stating that the prisoner was present in the county jail was an error. Neither party disputes this conclusion.
Apparently no further activity occurred until defendant filed a Motion for Discharge in June 2000, alleging that because his counsel had advised the state that he was incarcerated in Pennsylvania, and because the court had ordered defendant returned to the state for trial on the charges, defendant did all that was required of him. Motion for Discharge of June 30, 2000. Following an oral hearing, the trial court granted this motion. The State timely appealed arguing the trial court erred in determining that the speedy trial provisions of R.C. 2963.30 applied to appellee in this case.
Appellant states one assignment of error:
 I. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION TO DISMISS FOR LACK OF A SPEEDY TRIAL.
Both parties rely on R.C. 2963.30, the interstate agreement on detainers (IAD), which provides a means for participating states to extradite prisoners between states for trials on outstanding indictments while the prisoners are still serving sentences in one of the states.[1]
The requirements of the statute differ depending upon whether the prisoner or the state requests the prisoner's return for trial.[2] When the prisoner initiates his return under Article III, trial must begin within one hundred eighty days after the receiving state's authorities receive the prisoner's request for trial. State v. Brown (1992),79 Ohio App.3d 445, 448, (citations omitted), (emphasis in original).
If the prisoner initiates the request for his return, Article III of the IAD controls. In that event, once the prisoner complies with the requirements set out in the statute, the state in which he has an outstanding indictment (the receiving state) has 180 days to bring him to trial.
The prisoner must fulfill several requirements before the 180 days begin to run. First, he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. R.C.2963.30 Article III(a). Along with this notice delivered to the prosecutor and court must be included a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. Id.
Second, the prisoner must give the notice and request to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested. R.C. 2963.30 Article III(b). Unless the request for return for trial is properly made, most courts do not consider it to have triggered the time for the 180-day speedy trial requirement.
This rule operates even if the state fails to follow through. In State v. Ferguson (1987), 41 Ohio App.3d 306, for example, the prisoner notified his warden of his desire for resolution of the indictment against him in the receiving state. The warden failed to timely forward the notice and certificate to the prosecutor of the receiving state. The 10th Appellate District held that the 180-day time begins to run if the defendant substantially complies with the statute by doing everything he reasonably could, even though the receiving state did not timely receive his request because the warden failed to forward it along with the certificate. There is first a burden on the defendant to substantially comply with the Interstate Agreement on Detainers request requirements by doing everything that could be reasonably expected.
Once the defendant fulfills this burden, however, the burden is then placed upon the states to cooperate and bring the accused to trial within one hundred eighty days. Id. syllabus para. 2. (Emphasis in original.) See, also, State v. Brown (1992), 79 Ohio App.3d 445, 448 (Once a defendant has completed a request form and forwarded it to the appropriate prison officials, he has fulfilled his burden to substantially comply with the I.A.D. * * * The sending state's failure to follow proper procedure once it receives a defendant's request `should not vitiate an inmate's right to a speedy trial once requested.')[3]
In the case at bar, we find Ferguson to be dispositive. In June 1998, defendant implicitly initiated the request for his return when his attorney notified the trial court of defendant's place of imprisonment in Pennsylvania. Further, in an obvious attempt to comply with Article III of the IAD, the state then issued a detainer for defendant's return in July 1998. As in Ferguson, the warden's failure to respond to the request for detainer cannot vitiate defendant's right to a speedy trial. Accordingly, we find that defendant substantially complied with the statute.
Moreover, we find that the state's request for a detainer similarly triggered the speedy trial provisions under the statute as well. Article IV of the statute outlines the procedure for the prosecutor to follow if he wishes to obtain temporary custody of a prisoner of another state for the purpose of trial.
 The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated * * *.
R.C. 2963.30 Article IV(a). Upon receiving this request, the authorities in the state which has custody of the prisoner (sending state) are supposed to furnish the certificate concerning the prisoner and his prison record for the prosecutor in the receiving state. If the state initiates the request for detainer, trial shall commence within one hundred and twenty days of the arrival of the prisoner in the receiving state * * *. R.C. 2963.30 Article IV(c).
In the case at bar, the court's file contains an order for the prisoner to be brought back for trial as well as a request for temporary custody addressed to the superintendent of the prison in which the prisoner was incarcerated.
In the record before us, the court's judgment entry states merely that the case is dismissed based on R.C. 2963.30. Journal Entry dated March 2, 2001. No specific section of the statute is cited or discussed to support the court's decision. Despite the fact that the transcript from the hearing on the prisoner's motion is silent concerning the required triggers for the 180-day time limit, there is sufficient evidence for this court to conclude that the state's request for detainer could also be considered to have triggered the statute.
Regardless of whether we use the defendant's notice to the trial court or the state's request for detainer as the triggering event, the fact remains that defendant was denied his right to a speedy trial under R.C.2963.30.
The appellant's assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.
[1] Neither party attached the statute. App.R. 16(E) requires parties to attach to their briefs copies of statutes they rely on.
[2] When the prosecution initiates the return of the prisoner for trial under Article IV(a), the trial must begin within one hundred twenty days of the prisoner's return to the state. * * *
[3] Other courts, however, have held that the clock does not begin to run until the prosecutor of the receiving state actually receives the notice and certification. State v. Reitz (1984), 26 Ohio App.3d 1, 4-5. See, also, State v. Black (1990), 70 Ohio App.3d 440.