OPINION
{¶ 1} Defendant-appellant, William Owens, appeals from his conviction in the Clermont County Court of Common Pleas for two counts of receiving stolen property and one count of misuse of a credit card. We reverse the judgment and dismiss the charges with prejudice.
 {¶ 2} On February 21, 1997, appellant was arrested for allegedly using a stolen credit card to purchase a computer. He was indicted by a Clermont County Grand Jury on March 16, 1997 for two counts of receiving stolen property and one count of misuse of a credit card.
 {¶ 3} On April 24, 1997, appellant appeared pro se for arraignment and was granted a continuance to obtain counsel. On June 19, 1997, appellant failed to appear for his trial and on the following day, the judge issued a bench warrant for appellant's arrest.
 {¶ 4} On September 29, 1998, appellant was arrested in Georgia pursuant to federal charges. Appellant was sent to the Hamilton County Justice Center in Hamilton County, Ohio to face the federal charges in February of 1999. On April 12, 1999, a warrant to remove was issued by Clermont County to the Hamilton County Justice Center ordering appellant to appear for a hearing on April 28, 1999. Hamilton County would not release appellant because he was being held pursuant to federal charges. After appellant did not appear for the Clermont County hearing, the trial court issued another bench warrant which erroneously indicated that appellant had "failed to appear for probation violation hearing."
 {¶ 5} On October 22, 1999, the Federal Correctional Institution ("FCI") in Jesup, Georgia sent Clermont County a "Detainer Action Letter" notifying them of appellant's incarceration. On November 1, 1999, Clermont County sent a detainer letter and the erroneous bench warrant to FCI. On November 23, 1999, FCI sent a letter to Clermont County confirming that a detainer had been filed against appellant for a probation violation in Clermont County.
 {¶ 6} On August 1, 2000, appellant moved to dismiss the charges against him in Clermont County. File-stamped copies of this motion were placed in his file and forwarded to the prosecuting attorney and the trial judge. Appellant's motion related that he had attempted to file, pursuant to the Interstate Agreement on Detainers ("IAD"), for a speedy trial on the Clermont County indictment. However, FCI refused to aide appellant in filing his IAD request because the Clermont County detainer stated that it was issued for appellant's failure to appear for a probation violation hearing.[1]
 {¶ 7} On October 4, 2000, appellant refiled his motion to dismiss and copies were again placed in his file and forwarded to the prosecuting attorney and judge. The judge entered rulings on October 6, 2000 and October 11, 2000 overruling appellant's October 4, 2000 motion.
 {¶ 8} On December 14, 2000, appellant was released from the FCI into the custody of Franklin County, Ohio authorities to begin serving a Franklin County sentence at Nobel Correctional Institution ("NCI") in Caldwell, Ohio. On March 26, 2001, NCI advised Clermont County that they had appellant incarcerated at their facility. Clermont County filed a warrant for appellant's removal on April 4, 2001 to secure his presence at a scheduled April 17, 2001 hearing.
 {¶ 9} At the April 17, 2001 hearing, appellant filed another motion to dismiss for lack of a speedy trial pursuant to Article III of the IAD. On June 25, 2001, the court rendered a decision denying appellant's motion.
 {¶ 10} On July 30, 2001, appellant entered pleas of no contest to the three counts in the indictment. On August 16, 2001, appellant was sentenced to serve concurrent 12-month terms for the two counts of receiving stolen property, and eighteen months consecutive for the one count of misuse of a credit card.
 {¶ 11} Appellant appeals both the trial court's decision denying his October 4, 2000 motion to dismiss and the trial court's denial of his April 17, 2001 motion to dismiss, raising two assignments of error. Because it is dispositive of the case, we begin with the second assignment of error.
Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FILED APRIL 17, 2001."
 {¶ 13} Appellant asserts that the state violated his rights to a speedy trial pursuant to Article III of the IAD when it failed to bring him to trial within the statutory mandated time of 180 days after he filed his August 1, 2000 motion to dismiss.
 {¶ 14} The IAD is "a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner in another State." New York v. Hill (2000), 528 U.S. 110, 111,120 S.Ct. 659. The IAD has been codified at R.C. 2963.30 et seq.; however, it is a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution and as such is a federal law subject to federal construction. Id.
 {¶ 15} The purpose of the IAD is "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." R.C. 2963.30, Article I. A detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction. Unites States v. Mauro (1978), 436 U.S. 340, 360,98 S.Ct. 1834.
 {¶ 16} Article III of the IAD provides a procedure where a prisoner who has a lodged detainer against him in another state can request the final disposition of those charges. Pursuant to Article III(a) of the IAD, the trial must commence within 180 days after the receiving state's authorities receive the prisoner's request for trial.State v. Brown (1992), 79 Ohio App.3d 445, 448.
 {¶ 17} Article III(a) of the IAD specifically requires a prisoner to:
 {¶ 18} "* * * have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information or complaint * * *. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."
 {¶ 19} In order to complete this task, the prisoner must give the person who has custody of him a written notice and request for final disposition of the charges. R.C. 2963.30, Article III(b). That person then forwards the prisoner's request with the certificate to the appropriate prosecuting official and court. Id.
 {¶ 20} Article IX of the IAD requires that the IAD be liberally construed so as to effectuate its purposes. Brown, 79 Ohio st.3d at 448; State v. Ferguson (1987), 41 Ohio App.3d 306, 310. Thus, substantial compliance with the terms of the agreement by the defendant is sufficient to invoke its protection. Brown, 79 Ohio App.3d at 448. A defendant substantially complies with the IAD by doing "everything that could reasonably be expected." Ferguson, 41 Ohio App.3d at 311.
 {¶ 21} In the case sub judice, appellant was unable to strictly follow the statutory procedures. Clermont County placed a detainer on appellant; however, it was a detainer for a probation violation. As such, FCI would not forward appellant's request for disposition pursuant to the IAD with the required certificate to Clermont County. Appellant's only recourse was to inform Clermont County of the error on its detainer and inform them of his desire to dispose of the charges against him under the IAD.
 {¶ 22} In Ohio, a prisoner only needs to substantially comply with the requirements in Article III of the IAD. State v. Mourey,64 Ohio St.3d 482, 485, 1992-Ohio-32. The 180-day time period does not begin until a prisoner's request for disposition is actually delivered to the court and the prosecuting officer that lodged the detainer against him. See Fex v. Michigan (1993), 507 U.S. 43, 52, 113 S.Ct. 1085. The August 1, 2000 motion to dismiss acted as a request for final disposition of appellant's Clermont County charges in this case. See Ferguson,41 Ohio App.3d at 310.
 {¶ 23} In the motion appellant informed Clermont County of the erroneous bench warrant, listed the case number, and asserted his claim for a final disposition or dismissal pursuant to the IAD. Copies of this motion were sent to both the appropriate Clermont County court and prosecutor.[2] At the moment the "prosecuting officer and the appropriate court" received the motion to dismiss, Clermont County had "written notice of the place of his imprisonment and his request for final disposition to be made of the indictment." R.C. 2963.30, Article III(a). Therefore, on August 1, 2000, the 180-day time period began to run on appellant's Clermont County charges.
 {¶ 24} The April 17, 2001 trial date set to dispose of appellant's pending charges was set well beyond the 180-day time period statutorily required in Article III of the IAD. As such, appellant's speedy trial rights under the IAD were violated. Appellant's second assignment of error is sustained. Based upon our decision on appellant's second assignment of error, appellant's first assignment of error is moot.
 {¶ 25} Judgment is reversed and the charges are dismissed with prejudice.
YOUNG and VALEN, JJ., concur.
[1] Probation violation detainers are not considered "untried indictment[s], information or complaint[s]" under the IAD. Thus, neither a prisoner nor a different jurisdiction may ask for a disposition of a probation violation charge through an IAD request. Carchman v. Nash
(1985), 473 U.S. 716, 725, 105 S.Ct. 3401, 3406.
[2] Page four, line 32 of the docket sheet summary, which is included in appellant's case file, notes that the judge and prosecutor received copies of appellant's motion to dismiss.