JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's decision granting defendant-appellee, Dion Butler's, motion to dismiss the indictment for violating his speedy trial rights. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1999, Butler was charged with theft and burglary. He failed to appear for his arraignment, and a capias was issued for his arrest.
 {¶ 3} On March 13, 2002, Butler filed an "Ex Parte Application to Dismiss Complaint in the Interests of Judicial Economy or in the Alternative Motion for Speedy Trial." Butler submitted this motion while he was a prisoner at the Metropolitan Detention Center in Los Angeles, California. On March 27, 2002, the State informed the trial court that it declined to bring Butler back to Ohio. Therefore, the trial court found Butler's motion moot. On April 12, 2002, a second motion to dismiss the indictment in the interest of judicial economy or in the alternative, motion for speedy trial was filed.[1] Butler was subsequently released from the Metropolitan Detention Center in May 2002.
 {¶ 4} In 2005, Butler voluntarily appeared before the trial court because the capias was still pending. Butler moved to dismiss the indictment for violation of his speedy trial rights. Following a hearing, the trial court granted Butler's motion and dismissed the indictment.
 {¶ 5} The State appeals, arguing in its sole assignment of error that the trial court erred in dismissing the indictment.
 {¶ 6} The Interstate Agreement on Detainers ("I.A.D.") establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that person to trial.State v. Brown (1992), 79 Ohio App.3d 445, 447,607 N.E.2d ___, citing Cuyler v. Adams (1981), 449 U.S. 433, 435,101 S.Ct. 703, 66 L.Ed.2d 641. Article III of the I.A.D., codified at R.C.2963.30, governs the procedures and notice requirements which a prisoner must substantially follow when he initiates his return to another state for disposition of an outstanding charge. R.C.2963.30, Article III(a) provides:
"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."
 {¶ 7} When a prisoner initiates his return, he must be brought to trial within 180 days after the receiving state receives the prisoner's request for trial. State v. Reitz
(1984), 26 Ohio App.3d 1, 498 N.E.2d 163.
 {¶ 8} Article IX requires that the I.A.D. be liberally construed so as to effectuate its purposes. State v. York
(1990), 66 Ohio App.3d 149, 153, 583 N.E.2d 1046. Thus, substantial compliance by the defendant with the terms of the agreement is sufficient to invoke its protection. Id.; State v.Ferguson (1987), 41 Ohio App.3d 306, 535 N.E.2d 708. "A defendant substantially complies with the I.A.D. `by doing everything that could reasonably be expected.'" Brown, supra, quoting Ferguson, supra at 311.
 {¶ 9} The State argues that Butler did not substantially comply with R.C. 2963.30 because he failed to follow its required mandates. The State claims that Butler failed to send written notice of his place of imprisonment and request for final disposition to both the prosecutor's office and the court, and that he failed to accompany his notice with the certificate of the appropriate prison official. We disagree.
 {¶ 10} Reviewing the record, we find that Butler substantially complied with the mandates of R.C. 2963.30. While still imprisoned in California, Butler filed an "Ex Parte Application to Dismiss Complaint in the Interests of Judicial Economy or in the Alternative Motion for Speedy Trial" on March 13, 2002. On March 27, 2002, the prosecutor's office informed the trial court that it declined to bring Butler back from Los Angeles. Therefore, the trial court found Butler's motion moot. On April 12, 2002, a subsequent motion to dismiss the indictment in the interest of judicial economy or in the alternative, motion for speedy trial, was filed.
 {¶ 11} Butler stated in his motions that he was a prisoner at the Metropolitan Detention Center in Los Angeles, California, and that he was requesting a final disposition of the indictment. Moreover, he also requested that the "Warden at MDC to both notify and Certify" his conviction, sentence, and status to the Cuyahoga County Court of Common Pleas and prosecutor. The sending state's failure to follow proper procedures once it receives a defendant's request should not defeat an inmate's right to a speedy trial. Ferguson, supra at 311.
 {¶ 12} Contrary to the State's arguments, Butler did everything that he could reasonably be expected to do. The evidence shows that notice was sent to the court for filing the motion and that the State had notice of Butler's request. However, the State declined to take any action to have Butler returned to Ohio in 2002. Therefore, we find that he substantially complied with the mandates of R.C. 2963.30, Article III(a) to commence the 180-day speedy trial period.
 {¶ 13} The State argues in the alternative that the 180-day period no longer applied after Butler was released from the Metropolitan Detention Center in Los Angeles because he was no longer under the protection of R.C. 2963.30. Instead, it argues that R.C. 2945.71(C)(2) applied and the "two hundred and seventy day" rule applied, including all the situations allowing for that time to be extended. Again, we disagree.
 {¶ 14} We find the State's argument completely disingenuous, considering that it ignored its obligation to comply with R.C.2963.30 when it received adequate notice in 2002 that Butler was being detained in California. The State cannot now use R.C.2945.71 to attempt to correct its own neglect and thereby deny Butler's constitutional rights.
 {¶ 15} We find that Butler requested final disposition in 2002 and the State had 180 days to bring him to trial. Because he was not brought to trial within that time, we find that the trial court did not err in dismissing the indictment against Butler because the State violated his speedy trial rights.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, JR., J. concurs; Christine T. McMonagle, J. concurs (see separate opinion)
[1] Although this motion was filed in April, the letter accompanying the motion is dated March 1, 2002.