[Cite as *State v. Black*, 2013-Ohio-976.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12-COA-018 |
| JAMES D. BLACK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of
                              Common Pleas, Case No. 12-CRI-010

JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       March 15, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant


RAMONA FRANCESCONI ROGERS        DANIEL D. MASON
ASHLAND COUNTY PROSECUTOR        145 Westchester Drive
                                 Amherst, Ohio 44001
By: ANDREW N. BUSH
Assistant Prosecuting Attorney
110 Cottage St.
Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Defendant-appellant James D. Black appeals his conviction and sentence entered by the Ashland County Court of Common Pleas, on two counts of theft and one count of breaking and entering, following a jury trial. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On August 2, 2010, an Ashland County Grand Jury indicted Appellant in Case No. 10-CRI-080. The trial court issued a warrant for Appellant's arrest.

{¶3} On January 27, 2011, prior to the service of the indictment on Appellant, Appellant filed a handwritten "Notice of Availability" with the trial court. A copy of the Notice was sent to the Ashland County Prosecutor's Office. The State filed a response to the Notice, informing the trial court Appellant was being held in a county jail in the State of Maryland, awaiting sentencing. The State also advised the trial court Appellant was not serving any sentence at that time and was not incarcerated in a state penal institution; therefore, Appellant's Notice was premature and R.C. 2963.30, the Interstate Agreement on Detainers ("IAD"), was not applicable.

{¶4} On August 22, 2011, Appellant filed a motion to dismiss, asserting the State violated his right to a speedy trial by failing to prosecute him within the time required by R.C. 2963.30. The trial court denied the motion on September 6, 2011. The State offered Appellant a plea deal, warning if such was not accepted, the State intended to re-indict him with additional charges.

{¶5} On January 26, 2012, the Ashland County Grand Jury re-indicted Appellant on two counts of theft, felonies of the fifth degree, and one count of breaking

and entering, a felony of the fifth degree, as well as an additional count of burglary, a felony of the second degree in Case No. 12-CRI-010. The trial court dismissed Case No. 10-CRI-080.

{¶6} Appellant filed a motion to dismiss the new indictment on February 3, 2012. Therein, Appellant asserted the State failed to bring him to trial within the 180 day time frame imposed by Article III(a) of the IAD, following his delivery of a Notice and Request for Final Disposition on January 27, 2011. Appellant further argued the State failed to bring him to trial within the 120 time limit imposed by Article IV(c) of the IAD when he was returned to the State of Maryland following action by Richland County, Ohio, to transport him to Ohio in response to an indictment filed in that county.

{¶7} The trial court conducted a hearing on Appellant's motion to dismiss. The following evidence was adduced at the hearing.

{¶8} After receiving notice from Appellant, authorities in Richland County engaged in procedurally appropriate action pursuant to Article IV of the IAD. In response to the action of Richland County, on or about May 27, 2011, Appellant was transported from the State of Maryland to the State of Ohio. Appellant remained in the State of Ohio until August 1, 2011, during which time the Richland County charges were resolved. Also while Appellant was in Ohio, on July 8, 2011, the Ashland County Court of Common Pleas arraigned Appellant in Case No. 10-CRI-080. Appellant was returned to the State of Maryland prior to a final disposition of the Ashland County matter.

{¶9} Via Judgment Entry filed February 14, 2012, the trial court overruled Appellant's motion to dismiss, finding the IAD was not applicable to him.

{¶10} On March 12, 2012, the State moved to amend the indictment. The trial court granted the motion and the indictment was amended, reducing the degree of the two theft counts to misdemeanors of the first degree. The matter proceeded to jury trial on March 13 and 14, 2012. The jury found Appellant guilty of two misdemeanor counts of theft as well as breaking and entering, the lesser included offense of burglary. The trial court ordered a presentence investigation and scheduled sentencing for April 30, 2012. The trial court imposed an aggregate term of imprisonment of twelve months.

{¶11} It is from this conviction and sentence Appellant appeals, assigning as error:

{¶12} "I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO DISMISS BECAUSE DEFENDANT-APPELLANT WAS TRIED IN VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL AND IN VIOLATION OF THE SINGLE-TRANSFER RULE OF THE INTERSTATE AGREEMENT ON DETAINERS."

I

{¶13} The Interstate Agreement on Detainers is a compact among 48 states, the District of Columbia, Puerto Rico, and the United States. *State v. Keeble,* 2d Dist. No. 03CA84, 2004–Ohio–3785, ¶ 9. The purpose of the IAD is expressly set forth in Article I of R.C. 2963.30, and provides:

{¶14} "The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation.

Accordingly, *it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition* of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. * * *."  R.C. 2963.30, Art. I (Emphasis added).

{¶15}  Under the provisions of the IAD, there are two methods by which to initiate the return of a prisoner from a sending state to a receiving state for the purpose of disposing of detainers based on untried indictments, informations, or complaints.[1]  The prisoner may commence the process pursuant to Article III or, alternatively, a prosecutorial authority may initiate the return pursuant to Article IV.

{¶16}  When a prisoner initiates his own return under Article III, the prisoner must be brought to trial within one hundred eighty days after the prosecutor's office in the receiving state obtains the request for a final disposition of untried charges. Alternatively, when the prosecutor's office initiates the return of the prisoner pursuant to Article IV, the trial must be commenced within one hundred twenty days of the prisoner's arrival in the receiving state. Articles III(a) and IV(c); *State v. Brown* (1992), 79 Ohio App.3d 445, 448, 607 N.E.2d 540. Regardless of whether the request is initiated pursuant to Article III or Article IV, the appropriate authority in the sending state must offer to deliver temporary custody of the prisoner to the receiving state to ensure the speedy and efficient prosecution of any untried indictments, informations, or complaints. Article V(a).

---

[1] Article II provides in part that "sending state" means "a state in which a prisoner is incarcerated at the time that he initiates a request for final disposition[.]" By contrast, the "receiving state" is "the state in which trial is to be had on an indictment, information or complaint pursuant to Article III or Article IV[.]"

**{¶17}** Appellant maintains the State failed to bring him to trial within the requisite time periods; therefore, the trial court erred in overruling his motion to dismiss.

**{¶18}** We review a trial court's decision interpreting the IAD de novo. *Riedel v. Consol. Rail Corp.,* 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 6; *State v. Jeffers* (June 20, 1997), Gallia App. No. 96 CA 13, 1997 WL 346158, at *1.

**{¶19}** In its February 14, 2012 Judgment Entry, overruling Appellant's motion to dismiss, the trial court found the IAD was not applicable to Appellant because Appellant was incarcerated in a county detention facility or jail in the State of Maryland, and not in a state penal or correction institution. The trial court cited this Court's decision in *State v. Neal*, 5th Dist. No. 2005CAA02006, 2005-Ohio-6699, as precedent for its decision. The trial court referenced paragraph 39 of *Neal*, which reads:

**{¶20}** "Pursuant to Article III(a) of R.C. 2963.30, Article III is only applicable where 'a person has entered upon a term of imprisonment in a penal or correctional institution of a party state'. 'Thus, where a person is being temporarily held in a county jail and has not yet entered a state correctional institution to begin a term of imprisonment, Article III cannot be invoked. See *Crooker v. United States* (C.A.1, 1987), 814 F.2d 75; *United States v. Glasgow* (C.A.6, 1985), 790 F.2d 446, 448, citing *United States v. Wilson* (C.A.10, 1983), 719 F.2d 1491'. *State v. Schnitzler* (Oct. 19, 1998), 12[th] Dist. No. CA98-01-008." *Id.* at 39.

**{¶21}** In *Neal*, this Court found the appellant had waived his right to challenge his conviction on speedy trial grounds as he had entered a guilty plea. *Id.* at 30. The Court noted, despite the waiver, it would have overruled the appellant's assignment of error on the speedy trial issue. *Id.* at 31. The Court found the IAD was the appropriate

statute under which to analyze the speedy trial issue, and conducted an analysis pursuant thereto. *Id.* at 38 - 43. Because the appellant had not complied with the IAD as he had failed to deliver a request for disposition to either the trial court or the prosecutor, this Court found he never triggered the process to cause him to be brought to trial within the statutory time frame.

**{¶22}** The language in the *Neal* decision referenced by the trial court in the case sub judice was dicta. This Court did not address the effect of the appellant's incarceration in a county jail in another state upon the application of the IAD. Accordingly, we find the trial court's reliance on *Neal* misplaced.

**{¶23}** The State relies upon the decision of the Eighth District Court of Appeals in *State v. Wyer*, 8th Dist. 82962, 2003 -Ohio- 6926, in support of its position. In *Wyer*, the Eighth District found an out-of-state county jail in which the defendant was incarcerated for an unrelated offense was not a "correctional institution of a party state" under the terms of the IAD; therefore, the IAD was inapplicable to that defendant. *Id.* at 15. The decisions of the Eighth District Court of Appeals are persuasive, but not binding, authority on this Court. Rule 4(A), Supreme Court Rules for the Reporting of Opinions. We do not find *Wyer* persuasive.

**{¶24}** Appellant cites a number of appellate cases from other states in support of his position, including *Escalanti v. Superior Court*, 165 Ariz. 385, 799 P2d 5 (Ariz. App 1990). In *Escalanti*, the Arizona Court of Appeals addressed the issue of whether the IAD applies to a defendant held in county jail as well as a defendant held in state prison. Answering in the affirmative, the *Escalanti* Court found:

**{¶25}** "Article III of the Agreement ensures a speedy trial to those in a 'penal or correctional institution.' We believe that this language clearly included the Santa Barbara County Jail. Clear language in a statute is given its usual meaning unless impossible or absurd consequences would result. *In re Marriage of Gray,* 144 Ariz. 89, 91, 695 P.2d 1127, 1129 (1985); *Balestrieri v. Hartford Accident & Indem. Ins. Co.,* 112 Ariz. 160, 163, 540 P.2d 126, 129 (1975). A 'penal institution' is a 'generic term to describe all places of confinement for those convicted of crime such as jails, prisons, and houses of correction.'Black's Law Dictionary 1020 (5th ed. 1979). A 'correctional institution' is a 'generic term describing prisons, jails, reformatories and other places of correction and detention.' (Citation omitted)." *Id.* at 387.

**{¶26}** The *Escalanti* Court further noted for purposes of the IAD, "the only difference between the state prison and the county jail for an incarcerated person is the sign on the building. Nothing in Article III of the Agreement expressly limits its speedy trial guarantee to prisons. Nor does any language in the Agreement deny its protection to prisoners incarcerated in county jails. Instead, the Agreement by its terms applies to all penal and correctional institutions." *Id.*

**{¶27}** We agree with the rationale of *Escalanti*, and find the IAD applies to offenders held in county jails as well as state penal or correctional facilities. The IAD specifically states, "This agreement shall be liberally construed so as to effectuate its purposes." R.C. 2963.30, Art. IX. As stated, supra, the purpose of the IAD is "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints."

**{¶28}** Appellant's sole assignment of error is sustained.

**{¶29}** The judgment of the Ashland County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings consistent with the law and this opinion.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :
                                 :
    Plaintiff-Appellee           :
                                 :
-vs-                             :         JUDGMENT ENTRY
                                 :
JAMES D. BLACK                   :
                                 :
    Defendant-Appellant          :         Case No. 12-COA-018

For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings consistent with the law and our Opinion.  Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER