JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Brian Wyer ("appellant") appeals the denial of his motion to dismiss for violation of his speedy trial rights. For the reasons stated below, we affirm.
 {¶ 2} I.
 {¶ 3} On November 22, 2001, appellant was arrested in Cuyahoga County and charged with theft related offenses. On November 28, 2001, appellant was released on bond. Appellant was indicted on February 21, 2002[1] and arraignment was set for February 25, 2002. Appellant failed to appear and a capias was issued for his arrest. Arraignment was reset for March 7, 2002. Following the appellant's failure to appear at the March 7, 2002 arraignment, a bond forfeiture capias was issued.
 {¶ 4} On March 26, 2002, appellant was arrested on unrelated charges in Santa Jose, California. On or about March 28, 2002, a "complaint for return of fugitive of justice" was filed by Cuyahoga County in the California municipal court, Santa Clara County, notifying appellant of the charges filed against him in Ohio. On April 5, 2002, appellant was again indicted by the Cuyahoga County grand jury for burglary.[2] Appellant failed to appear at his arraignment and another capias was issued.
 {¶ 5} Appellant was eventually sentenced in California to a 12-month term of imprisonment. On July 2, 2002, appellant sent a written demand for final disposition of the outstanding charges against him in an effort to effectuate his extradition back to Cuyahoga County. On November 26, 2002, appellant was extradited and returned to Cuyahoga County. On December 12, 2002, appellant was arraigned and pled not guilty.
 {¶ 6} On April 21, 2003, appellant's appointed counsel filed a motion to dismiss. On April 24, 2003, appellant's motion was denied and appellant entered pleas of no contest on both indictments.
 {¶ 7} It is from the denial of his motion to dismiss that appellant advances two assignments of error for our review.
 II {¶ 8} In his first assignment of error, appellant argues that "the trial court erred in denying the defendant's motion to dismiss for failure to commence trial within 180 days as required by article III of the interstate agreement on detainers set forth in R.C. 2963.30." For the reasons stated below, we affirm.
 {¶ 9} Appellant alleges that the specific time requirements outlined in the Interstate Agreement on Detainers, Article III ("IAD"), R.C. 2963.30, were not met. The IAD provides that:
"Whenever a person has entered upon a term of imprisonment in a penalor correctional institution of a party state, and whenever during thecontinuance of the term of imprisonment there is pending in any otherparty state any untried indictment, information or complaint on the basisof which detainer has been lodged against the prisoner, he shall bebrought to trial within one hundred eighty days." R.C. 2963.30.
 {¶ 10} Because of this alleged failure, appellant argues his right to speedy trial was violated.
 {¶ 11} The state presents two arguments to the contrary: 1) that appellant was not incarcerated in a state penal institution, and therefore, his term of incarceration had not begun under IAD; and 2) even if appellant had begun his term of imprisonment, he failed to comply with the notice provisions of IAD and, therefore, cannot avail himself of the 180-day requirement.
 {¶ 12} The state argues that IAD did not become applicable because appellant's term of incarceration in California was not within a "penal or correctional institution of a party state." Agreeing with this position, the trial court held that:
"Article III is clear that in order for a defendant to avail himself ofthe provision for speedy trial disposition, he must first be incarceratedin a state penal or correctional institution. If the legislative intentwere to include both types of incarceration (i.e., local and state), thestatute would have so read." (Emphasis in original.)
 {¶ 13} Appellant argues that his entire term of imprisonment was to be served in the county jail. Therefore, the county jail served as the correctional institution of California for purposes of IAD.
 {¶ 14} In support of its position, the state cites State v.Schnitzler (1998), Clermont Cty. case No. CA 98-01-008. In Schnitzler,
the court held that "where a person is being temporarily held in a county jail and has not yet entered a state correctional institution to begin a term of imprisonment, Article III cannot be invoked." We agree.
 {¶ 15} IAD is clear that the term of imprisonment must be served in a "penal or correctional institution of a party state." The legislature chose not to include language encompassing all correctional facilities, rather selecting only institutions of a "party state." We agree with the trial court in finding that the Santa Clara county jail is not a correctional institution of the State of California for purposes of IAD. The trial court did not err by finding that IAD is not applicable to the facts of this case.
 {¶ 16} Having found that IAD is not applicable under the facts of this case, appellant's second assignment of error is moot.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Patricia A. Blackmon, P.J., and Frank D. Celebrezze, Jr., J. concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Cuyahoga County case No. CR-419958. This 14-count indictment alleged identity theft, theft, and receiving stolen property.
[2] Cuyahoga County case No. CR-421664. Appellant purportedly entered into a former residence for the purpose of facilitating the crimes alleged in case number CR-419958.